IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES RICHARD DUDLEY,<br>Plaintiff,<br><br>v.,<br><br>KANSAS DEPARTMENT OF CORRECTIONS,<br>Secretary of Corrections JEFF ZMUDA,<br>Secretary of Corrections Designee DARCIE HOLTHAUS,<br>CENTURION, Regional Director of Dental Services<br>CANNON, and Warden of EL DORADO CORRECTIONAL<br>FACILITY TOMMY WILLIAMS, all sued in their<br>official and individual capacity. | Case No. 5:23-CV-03016-JWL<br><br>AMENDED<br>CIVIL RIGHTS COMPLAINT<br><br>PURSUANT TO 42 U.S.C.<br>§1983 |

## A. JURISDICTION

1) JAMES RICHARD DUDLEY is a citizen of the United States of America born in the STATE OF KANSAS who is now a citizen of KANSAS who presently resides at the KANSAS DEPARTMENT OF CORRECTIONS, EL DORADO CORRECTIONAL FACILITY, 1737 SE Highway 54, P.O. Box 311 El Dorado, Kansas 67042.

2) Defendant JEFF ZMUDA is a citizen of KANSAS, and is employed as the Secretary of Corrections for the KANSAS DEPARTMENT OF CORRECTIONS.

3) Defendant DARCIE HOLTHAUS is a citizen of KANSAS and is employed as the Secretary of Corrections Designee for the KANSAS DEPARTMENT OF CORRECTIONS.

4) Defendant CENTURION is employed by the STATE OF KANSAS, through the KANSAS DEPARTMENT OF CORRECTIONS to provide health care, including dental care and mental health care to prisoners in the custody of the KANSAS DEPARTMENT OF CORRECTIONS.

5) Defendant CANNON is a citizen of the state of KANSAS and is employed as the Regional Director of Dental Services by CENTURION.

6) Defendant TOMMY WILLIAMS is a citizen of the state of KANSAS and is employed as the warden of EL DORADO CORRECTIONAL FACILITY.

7) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983; West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250 (1988); and Parratt v. Taylor, 451 U.S. 527, 537 n.3, 101 S.Ct. 1908 (1981); Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691-93, 98 S.Ct. 2018 (1978).

B. NATURE OF THE CASE

1) Briefly state the background of your case:

On 3/08/2021 plaintiff's JAMES RICHARD DUDLEY's tooth was chipped resulting in the loss of 1/3 of his tooth. Plaintiff had to be seen for emergency dental care on 3/08/2021 and was evaluated/examined by Dr. Chan in the dental department at Hutchinson Correctional Facility. It was determined by Dr. Chan that plaintiff needed a crown after the swelling went down.

On 3/15/2021 the temporary cover Dr. Chan put in place came off and plaintiff was again examined on 3/16/2021 but by Centurion employee Dr. Chaney in the dental department at Hutchinson Correctional Facility. Dr. Chaney advised plaintiff that plaintiff was "a prime candidate for a root canal and crown". Dr. Chaney advised plaintiff that this was the standard appropriate treatment for plaintiff's dental condition.

Plaintiff was prescribed more pain medication and antibiotics and put in for a root canal and crown by Dr. Chaney. Several days later plaintiff was advised by Dr. Chaney that CENTURION and the KANSAS DEPARTMENT OF CORRECTIONS will not provide and pay for a root canal and crown as it was against "policy" and had been ordered by CENTURION and the KANSAS DEPARTMENT OF CORRECTIONS to extract plaintiff's tooth.

Plaintiff refused tooth extraction because both dentist advised plaintiff that plaintiff did not need his tooth extracted as it was unnecessary and that they both had prescribed a root canal and crown as the dental treatment for plaintiff. Subsequently plaintiff has been transferred two times and has been denied the appropriate and necessary treatment prescribed by the dentist

(a root canal and crown) as it is one treatment for plaintiff's dental condition. The crown and bridge is to protect the tooth after the root canal because the tooth becomes brittle after the root canal. Without the crown plaintiff's tooth would fracture and become infected and it would result in the loss of plaintiff's tooth anyways. With the crown plaintiff has a good chance of keeping his tooth into old age.

2) Damages suffered:

 a. Plaintiff has been in continues unnecessary pain since 3/08/21 (almost 2 years now) because of the defendants CENTURION and the KANSAS DEPARTMENT OF CORRECTIONS blanket policy denying prisoners root canals and crowns to cut cost on dental treatment for prisoners.

 b. Plaintiff has suffered multiple infections of his gums and even now has an infection causing plaintiff extreme pain and difficulty eating as it is his front tooth for the past 21 months.

 c. Plaintiff's voice has been permanently damaged as a result of an infection in his throat and chest only made possible by the open tooth.

 d. Plaintiff is still in a constant state of pain on the daily because defendants CENTURION and the KANSAS DEPARTMENT OF CORRECTIONS blanket policy of denying prisoners root canals and crowns to cut cost on dental treatment for prisoners.

C. CAUSE OF ACTION

1) As a result of the defendant(s) blanket policy of refusing to treat prisoners with root canals and crowns plaintiff's 8th Amendment Right to be free from cruel and unusual punishment has been violated. The law is clearly established in the 10th circuit courts that prisoners cannot be denied reasonable dental care and treatment do solely to cost. (See Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861 (1979); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)).

2) Further the Plaintiff cannot be denied reasonable and necessary dental care and treatment by the defendants based on a blanket policy denying particular forms of treatment because of cost and this is also clearly established law. (See Matcker v. Herr, 748 F.2d 1142, 1147-48 (7th Cir.); Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998); Dean v. Coughlin, 623 F. Supp. at 404. (holding that dentists proposed extraction, rather than saving teeth, for financial reasons stated an Eighth Amendment claim.)(holding dental conditions are serious if they "cause pain, discomfort or threat to good health."). Johnson v. Wright, 412 F.3d 398, 406 (2d Cir. 2005)(holding that when prisoner's treating physicians recommend a course of action, and officials (even higher level medical administrators) ignore that recommendation, the result is not a mere disagreement over medical treatment but can be deliberate indifference.); Kikumura v. Osagie, 161 F.3d 1269 (10th Cir. 2006); Sealock v. Colorado, 218 F.3d at 1210 n.5 (delay in providing treatment is actionable if pain and suffering are unnecessarily prolonged.); Novitsky v. City of Aurora, 491 F.3d 1244, 1255-56 (10th Cir. 2007)(finding law is clearly established if plaintiff presents law from "other circuits that is 'on point'"); (McCormick v. Centurion of Fla., LLC Med. Contr., 2020 U.S. Dist. LEXIS 57374)(holding a corporation can be liable for a policy or custom that causes a constitutional violation.)

### D. EXUASTION OF ADMINISTRATIVE RELIEF

1) Plaintiff has previously sought informal and formal relief from the appropriate administrative officials regarding the acts complained of in this complaint. (See EXHIBIT #1) Defendants had their chance to correct their violation of plaintiff's constitutional rights but are instead choosing to continue to violate plaintiff's Eighth Amendment Right by attempting to give plaintiff the "runaround" on his grievance appeal to the Secretary of Corrections. (see EXHIBIT #1, pg 15.). Plaintiff was last seen by dental by defendant

CANNON who is the director of Dental Services for the defendant KANSAS DEPARTMENT OF CORRECTIONS but employed by defendant CENTURION. Dr. Cannon advised plaintiff that the KANSAS DEPARTMENT OF CORRECTIONS would not pay for a crown and agreed with plaintiff it would be better to not get the root canal offered to keep plaintiff's tooth alive as long as possible since plaintiff is pursuing administrative and legal relief. Dr. Cannon gave plaintiff SENSODYNE toothpaste, a dental splint and case to further protect plaintiff's tooth and lower the risk of infection and proscribed plaintiff tylonal while plaintiff pursues relief. Dr. Cannon also advised plaintiff that defendant CENTURION would not provide a root canal and crown because of financial issues.

Plaintiff has given defendant the KANSAS DEPARTMENT OF CORRECTIONS one last chance to provide relief for the violation of plaintiff's 8th Amendment Right to reasonable dental care by filing an emergency grievance for special kinds of problems to defendant JEFF ZMUDA. However the defendant KANSAS DEPARTMENT OF CORRECTIONS has already be provided sufficient amount of notice that indicates plaintiff's Rights are being violated. Plaintiff raised the issue of denial of dental treatment as one of the conditions of his unconstitutional conditions of confinement in Dudley v. Kent, 20-3241-SAC and the Attorney General office - through Michael J. Duenes responded by agreeing that, plaintiff, quote " Dudley also alleges various unconstitutional conditions of confinement that are unrelated to the facts of this case," and " Because plaintiff is lodging an entirely new complaint..." and " Plaintiff may pursue his new claims in a seperate case, if he so chooses." (see Doc. 38, Dudley v. Kent.) The District court agreed with the Attorney general and directed plaintiff to file a new complaint in which the Defendant(s) in this action received notice of from the courts.

## E. CLAIMS FOR RELIEF

1) The actions of defendant(s) KANSAS DEPARTMENT OF CORRECTIONS, JEFF ZMUDA Secretary of Corrections, DARCIE HOLTHAUS Secretary of Corrections Designee, in establishing a blanket policy denying prisoners root canals and crowns and then refusing to correct the constitutional violation after receiving Notice of Personal Injury, (EXHIBIT #1 pg 4-7) citing the appropriate case law constitutes a deliberate indifference to and a violation of plaintiff JAMES RICHARD DUDLEY's Eighth Amendment Right of the United States Constitution to reasonable dental care and treatment.

2) The actions of defendant CENTURION in denying plaintiff JAMES RICHARD DUDLEY reasonable dental care in the form of a root canal and crown because of financial reasons violate plaintiff's Eighth Amendment Right of the United States Constitution.

## F. RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

 1. The blanket policy of denying plaintiff and prisoners root canals and crowns from dental providers based on financial reasons is unconstitutional.

B. Issue a preliminary injunction ordering defendant KANSAS DEPARTMENT OF CORRECTIONS, JEFF ZMUDA and interested party EL DORADO CORRECTIONAL FACILITY, Tommy Williams warden of EDCF to expedite plaintiff's emergency grievance for special kinds of problems to avoid further injury and/or damage to plaintiff. (Note to Court: In plaintiff's case this would be a reasonable request and has been done by the federal courts before. See Hause v. Smith, 2006 WL 2135537, *1-2 (W.D. Mo., July 31, 2006)(holding allegations that attempts to file grievances were "significantly thwarted"

suffice at the pleading stage; court notes it directed that the plaintiff be allowed to file a grievance and that its processing be expedited.))

C. In the event that the Court grants and issues a preliminary injunction ordering defendant(s) KANSAS DEPARTMENT OF CORRECTIONS and CENTURION to allow and respond to Plaintiff's (emergency grievance for special kinds of problems), to stay this action to allow the defendants an opportunity to respond to plaintiff's grievance for special kinds of problems.

1. Plaintiff request that defendants receive no more than 30 days to respond to plaintiff's emergency grievance for special kinds of problems.

2. The stay of this action would be appropriate as plaintiff has stated a claim on which more than declaratory, and injunctive relief can be granted. (See Lee v. McManus, 543 F.Supp. 386, 391-93 (D. Kan. 1982); Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir. 1991)(prisoner could get damages for failure to treat his wound even though it had healed); Hathaway v. Coughlin, 841 F.2d 48 (2d Cir. 1988)(claim for delay in surgery should not have been dismissed after surgery was performed); H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1083, 1087, (11th Cir. 1986)(damages awarded for three-day denial of medical care with no permanent injury resulting)

D. Award compensatory damages in the following amounts:

1. $250,000 against defendant(s) JEFF ZMUDA, DARCIE HOLTHAUS, CANNON and CENTURION, jointly and severally, for the physical and emotional injuries sustained as a result of their [defendants] blanket policy of denial of root canal and crowns to reduce cost [Financial reasons], in their individual capacity.

E. Award punitive damages in the following amounts:

1. $2,250,000 each against defendants DARCIE HOLTHAUS and CENTURION, in their individual capacity.

F. Grant such other relief as it may appear that plaintiff is entitled.

Pursuant to 28 U.S.C. 1746, I JAMES RICHARD DUDLEY, declare (or certify, verify, or state) under penalty of perjury that the above complaint is true and correct. January 18th, 2023. /s/ James R Dudley
(Signature of declarant)

Dated: January 18th, 2023.

Respectfully Submitted by,
s/ James R Dudley
JAMES RICHARD DUDLEY (Pro Se)
#0091359
KANSAS DEPARTMENT OF CORRECTIONS
EL DORADO CORRECTIONAL FACILITY
P.O. Box 311
El Dorado, KANSAS 67042
Litigant PRO SE