IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES RICHARD DUDLEY,**

    **Plaintiff,**

    v.                                                          **CASE NO. 23-3016-JWL**

**KANSAS DEPARTMENT OF
CORRECTIONS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is a prisoner at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas. This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 12).

Plaintiff asks the Court to order Defendants to "arrange for the plaintiff to be examined by a qualified dental specialist" and to "provide a medically appropriate course of dental treatment to the plaintiff designed to restore and maintain the full function of his #8 tooth." Doc. 12, at 3-4. Plaintiff states, and alleges in his Complaint, that the tooth was broken in March of 2021, and he has been attempting to get a root canal and crown since then. He further states that he has been "receiving frequent appointments to the dental part of the clinic . . . performing follow up examinations and procedures aimed at saving my tooth." *Id*. at 7. Plaintiff alleges that he is suffering irreparable harm in the form of continued pain, swelling and bleeding of his gums, an increased risk he will lose the tooth, and an increased risk of contracting meningitis. *Id*. at 12.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931). Plaintiff must establish that "the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman,* 348 F.3d. at 1189. Plaintiff's allegations do not establish that *great* injury is certain and not theoretical, or more than merely feared as liable to occur in the future.

"Further, because the purpose of preliminary injunctions is to preserve the relative positions of the parties until trial, they are specifically disfavored if they alter the status quo, are mandatory (as opposed to prohibitory), or afford the movant all the relief that could be recovered after a full trial." *Rudnick v. Raemisch*, 731 F. App'x 753, 755 (10th Cir. 2018) (citing *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005)). "Such disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* (quoting *Schrier*, 427 F.3d at 1259).

Here, Plaintiff requests a mandatory injunction that would alter the status quo and provide him with the primary relief he could recover after a trial.  Plaintiff's allegations indicate he is receiving maintenance dental care to attempt to preserve the status quo until his claims here are resolved.  Moreover, he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal and has not demonstrated a likelihood of imminent irreparable harm.  For these reasons, the Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 12) is **denied.**

**IT IS SO ORDERED**.

**Dated February 17, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE**