Jon D. Graves, Legal Counsel, SC #10554
Hutchinson Correctional Facility
P.O. Box 1568
Hutchinson, KS 67504-1568
Telephone: (620) 625-7253
Jon.Graves@ks.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JAMES RICHARD DUDLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-3016-JWL |
| | ) | |
| KANSAS DEPARTMENT OF | ) | |
| CORRECTIONS, et al.,. | ) | |
| Defendants. | ) | |
| _____ | ) | |

## REPORT IN "MARTINEZ v. AARON" INVESTIGATION

## CIVIL RIGHTS COMPLAINT

On February 6, 2023, plaintiff James Richard Dudley filed an amended civil rights action pursuant to 42 USC §1983 in the United States District Court for the District of Kansas.  (Doc. 9, p.1)  At all relevant times plaintiff was an inmate incarcerated in the custody of the Secretary of Corrections of the State of Kansas and, at the time his cause of action arose was housed at the Hutchinson Correctional Facility.  Plaintiff subsequently transferred to the Lansing Correctional Facility and was housed at the El Dorado Correctional Facility when he filed this amended action.

On February 16, 2023, the Court issued an order directing the preparation of a Martinez report. (Doc. 13)

## SUMMARY OF ALLEGATIONS IN PLAINTIFF'S AMENDED PETITION

Plaintiff was an inmate housed at the Hutchinson Correctional Facility (HCF) at the time his cause of action arose, although the question of exactly when his cause of action arose could have multiple answers. March 8, 2021, plaintiff was engaged in a fight which resulted in one of his teeth being damaged.(See Martinez Report in 22 CV 3188 for background of initial injury) Initially, the tooth was examined March 8, 2021 by Dr. Chen and received temporary treatment. A week later on March 15, 2021, plaintiff sought treatment for the tooth and Dr. Chaney indicated a root canal and crown was the appropriate treatment.  A few days later, Dr. Chaney advised that healthcare provider Centurion and Kansas Department of Corrections would not provide and pay for the procedure because it was against policy.  Dr. Chaney had been directed to extract the tooth. Plaintiff did not want the tooth extracted.  (Doc. 9 pp.1-2)

Plaintiff has not received the root canal nor has the tooth been extracted.  Plaintiff has been moved twice to other correctional facilities, but has still not received the root canal and crown he wants.  Plaintiff believes with the appropriate therapy he will retain the tooth into old age. (Doc. 2-3)

Plaintiff continues to experience pain and infections he relates to the injured tooth.  He blames everything on a blanket policy of defendants Centurion and Kansas Department of Corrections to refuse to perform root canals and provide crowns to prisoners.  Plaintiff believes this blanket policy violates his rights under the 8th Amendment to be free of cruel and unusual punishment. (Doc. 9 p.3)

Plaintiff states he exhausted his administrative remedies by grieving his complaint to the defendant Secretary of Corrections.  The response by the secretary's designee dated April 18, 2022, indicated that plaintiff had not first presented his grievance to the facility warden and referred that back to the warden. The only grievance attached is one sent to the Secretary. (Doc. 9 p.4, Doc.9-1 pp. 1, 15)

Plaintiff apparently sent a document entitled "notice of injury" to Hutchinson Correctional Facility Warden Schnurr, who responded April 1, 2021, indicating the plaintiff should grieve the disagreement with Centurion's course of treatment through the healthcare provider and then appeal that result to Topeka if not satisfied. (Doc. 9-1, pp. 4-7)

The documents plaintiff attaches to his petition advise him multiple times that Centurion is the healthcare provider who decided whether to provide the requested dental care, not the correctional facility. (Doc. 9-1 pp.2, 7, 12)

Plaintiff does attach a grievance dated March 25, 2021, regarding the dental issue which was responded to by defendant Dr. Cannon on May 5, 2021, as follows:

> #8 has a large percentage of crown missing and is fractured to gum line in the back of tooth.  It would need more than just a root canal to fix it.  It would need extensive crown and bridge work just to place a crown.  We will not do custom crown and bridge work to this tooth.  My prescription is extraction #8.

(Doc. 9-1 p. 3).

Plaintiff does not attach an appeal of this response nor allege he appealed this grievance response.

Plaintiff seeks a declaratory judgment that the blanket policy he believes denies inmates root canals and crowns for financial reasons is unconstitutional.  Plaintiff also wants a

preliminary injunction compelling defendant Jeff Zmuda to respond to an emergency grievance. It is unclear whether that is the one he attaches to his petition or something different.  (Doc. 9 pp. 6-7 & Doc. 9-1 p.1)

Plaintiff seeks compensatory damages of $250,000 from defendants Zmuda, Cannon and Centurion jointly and severally. (Doc.9 p. 7)

Plaintiff seeks punitive damages  of $2,250,000 from defendant Centurion. (Doc. 9 p.7)

Plaintiff does not indicate whether he is suing defendants Zmuda or Cannon in their official or personal capacity, nor whether they were acting under color of law.

The Court initially reviewed plaintiff's petition and dismissed defendants Kansas Department of Corrections, Tommy Williams and Darcie Holthaus from this action, leaving defendants Zmuda, Cannon and Centurion as defendants, subject to further screening by the Court after submission of the ordered Martinez Report.(Doc. 13 pp. 8-10)

Plaintiff does not seek a jury trial or recovery of his costs.

## <u>UNCONTROVERTED STATEMENT OF FACTS</u>

### I.        PLAINTIFF POST FILING INFORMATION

Plaintiff, James Richard Dudley KDOC #91359, is an inmate legally incarcerated in the custody of the Secretary of Corrections, State of Kansas.  Plaintiff has six active felony convictions.  Plaintiff is currently serving sentences for the convictions of battery of a city or county employee (2 counts) and of aggravated battery (1 count) all committed in Douglas County in 2007 or 2008, resulting the beginning of his incarceration on April 4, 2008.  After entering prison, plaintiff was convicted of Battery of a state corrections officer or employee in

2010, of attempted aggravated battery in 2012 and of soliciting arson in 2016.  Petitioner has received 334 disciplinary violations since his incarceration began in 2008, the majority of which were Class I violations, the most serious kind. Petitioner's earliest possible release date is presently March 9, 2036.  Plaintiff was housed at the Hutchinson Correctional Facility at the time his cause of action arose and subsequently transferred to the Lansing Correctional Facility and then to the El Dorado Correctional Facility, where he is presently housed. (See Kasper Sheet Exhibit 1)

For a description of the fight that resulted in the injury to plaintiff's front tooth, please see the Martinez Report in Kansas Federal District Court case 22-3188.

## AFFIDAVIT BASED INFORMATION

Defendant Secretary of Corrections Jeff Zmuda indicates he was not aware of plaintiff's complaints about the dental care of plaintiff's damaged front tooth nor about plaintiff's desire for a root canal and crown to be installed.  Neither did defendant Zmuda have any direct involvement with any decisions regarding plaintiff's dental care. (Exhibit 2)

Defendant Zmuda's designee, Darcie Holthaus, did receive an emergency grievance from plaintiff in mid-April 2022 regarding his dental care, which was referred to plaintiff's then housing location at the Lansing Correctional Facility.  No other grievances were found at the Secretary's level. (Exhibit 2)

The Kansas Department of Corrections (KDOC) had a policy regarding inmate dental care, Internal Management Policy and Procedure 10-116D, which was originally issued on October 6, 2015.  Dental treatment under this policy was not limited to extractions, beside routine dental care.  This policy also recognized the possible need for elective and specialized procedures including, but not limited to precious metal work, long-range periodontics and

orthodontics that were beyond the capability of the facility dentist to perform. Such services

upon the approval of the Regional Dental Director, were be referred to the appropriate dental

specialist. (IMPP 10-116D(IV).  This policy was revoked on November 1, 2021 and replaced

with IMPP 16-102D. IMPP 16-102D similarly provides for referral of inmates to dental

specialists and oral surgeons when clinically indicated and the needed treatment falls outside the

scope or ability of the facility dental care provider to perform.  Such referrals are approved by

the Regional Dental Director, defendant Dr. Fred Cannon in this case, who is employed by the

health care provider, Centurion of Kansas, LLC (Centurion), with whom the department

contracts for dental services. (Exhibit 2)

      The KDOC did not and does not have a blanket policy prohibiting root canals procedures,

dental crowns or any other medically indicated dental procedure.  The decision as to whether a

given dental procedure or dental appliance is medically indicated or otherwise necessary is left to

the sound discretion of Centurion, as approved by their Regional Dental Director.  (Exhibit 2)

      Defendant Fred Cannon was the Regional Dental Director for Centurion at all times

relevant to plaintiff's claims.  (Exhibit 3)

      Centurion provides a wide range of dental services to inmates including, but not limited

to, an oral screening upon admission into KDOC custody and an examination within 30 days

thereafter.  Centurion also conducts a dental examination every two years and performs

necessary routine and emergency dental treatment, including dentures when required. (Exhibit 3)

      Some dental services are not provided within the confines of KDOC and may be referred

to outside specialists and oral surgeons when clinically indicated and when the required

treatment cannot be performed by the facility dentist. (Exhibit 3)

      Defendant Cannon, in his position as Regional Dental Director, manages and provides

clinical oversight for the dentists, dental hygienists and dental assistants working at the KDOC facilities.  He also provides oversight for off site dental services when inmates are referred out for such services. (Exhibit 3)

Defendant Cannon provided a summary of care and treatment of plaintiff's fractured #8 tooth. (Exhibit 3)

The initial injury to plaintiff's #8 tooth occurred the morning of March 8, 2021.  That afternoon, Dr. Chen saw plaintiff and observed the #8 tooth was fractured, resulting in the lost incisal 2/3 of the tooth and pulp was visible.  Dr. Chen placed dental bond and flowable composite on the tooth to shield it from air stimulation.  Plaintiff received Tylenol for pain. (Exhibit 3)

On March 13, 2021, plaintiff complained of pain. The nurse saw no indication of infection. Plaintiff's pain medication was increased for March 13 & 14 with ibuprofen. (Exhibit 3)

On March 15, 2021, Dr. Chen again saw plaintiff and discussed treatment options for the tooth, including the need for extraction if pain persisted.  Plaintiff indicated his tooth hurt less than before. (Exhibit 3)

On March 16, 2021, Dr. Chaney saw plaintiff after the cap on his tooth fell off.  Dr. Chaney discussed treatment options with plaintiff, including recovering the tooth with a composite resin, root canal therapy and extraction of the tooth. (Exhibit 3)

Dr. Chaney conducted follow-up appointments with plaintiff for the following weeks on March 17, 18, 25, 29, April 14, 29, and May 5 and 17.  Plaintiff also saw nurses during this time and x-rays were also taken to evaluate for fractures. (Exhibit 3)

During the May 5, 2021, appointment, Defendant Cannon was present with Dr. Chaney

to discuss the clinical picture with plaintiff and to explain why a root canal and crown were not indicated in plaintiff's case. (Exhibit 3)

On June 28, 2021, Dr. Chen performed a cometic buildup of the tooth with flowable composites. (Exhibit 3)

On July 7, 2021, Dr. Williamson recommended extraction and plaintiff refused.

On October 12, 2021, plaintiff was prescribed antibiotics to address a concern of an infection of the tooth. (Exhibit 3)

On January 5, 2022, plaintiff refused his biennial dental examination.  Later in the month plaintiff begin requesting that his tooth be built up. (Exhibit 3)

On March 19, 2022, Dr. Ahern indicted there was not enough tooth to do a buildup. (Exhibit 3)

On September 12, 2022, plaintiff was scheduled for a root canal, but refused unless he could also have a crown. (Exhibit 3)

On December 27, 2022, defendant Cannon saw plaintiff for a dental examination and ordered more x-rays. (Exhibit 3)

Defendant Cannon considers all possible treatments when evaluating a dental condition. He considers the efficacy of the treatment options, the risks of each option and the prognosis for each treatment, only then selecting a plan of treatment. (Exhibit 3)

The clinical profile of plaintiff's injury is complex. The #8 tooth is severely fractured. The fracture extends below the gum line and the shape and direction of the fracture compromises the structural integrity of the tooth. (Exhibit 3)

For those reasons, the placement of a crown would require periodontal surgery to cut into plaintiff's palette to securely affix the crown.  The result would likely be an irregular, elongated,

subgingival margin of the crown, meaning the attachment to the tooth would be below the

gumline.  The crown would be difficult to clean, there was a risk of root infection on the palette

side of the tooth and the likelihood of dental decay was significantly increased. (Exhibit 3)

For those reasons, defendant Cannon's medical opinion is that plaintiff's #8 tooth is not a

good candidate for a root canal and crown.  Extraction has a better prognosis for reducing pain

and infection risks. (Exhibit 3)

Plaintiff did not appear to have exhausted any administrative remedies.  No property

claims or grievances were found regarding the plaintiff's claim for dental care, except for two

Emergency Grievances on which plaintiff did not follow through.  (Exhibits 4, 5, 6, 7)

Plaintiff did not file any grievances or property claims at the Lansing Correctional

Facility regarding the subject matter of this lawsuit. (Exhibit 4)

Plaintiff did not file any grievances or property claims at the Hutchinson Correctional

Facility regarding the subject matter of this lawsuit. Plaintiff did send Warden Dan Schnurr a

document entitled Notice of Injury and was told by the warden to grieve his issue to Centurion.

A log indicates that a letter was sent by plaintiff to the warden on May 20, 2021, with the subject

matter involving dental treatment excessive force and due process. The log indicates the letter

was referred to Deputy Warden Robert Vieyra for response. Neither the letter nor a response

have been located. (Exhibit 7)

Plaintiff did not file any grievances or property claims at the El Dorado Correctional

Facility, although plaintiff appears to have filed one Emergency Grievance on February 20,

2023, which may be seeking to appeal an emergency grievance dated April 12, 2022.  The

secretary's designee responded to that grievance on April 18, 2022, indicating he should file his

grievance at his housing facility, the Lansing Correctional Facility at that time. (Exhibits 5, 6)

Plaintiff also sent a grievance to defendant Cannon dated March 25, 2021.  Defendant Dr. Cannon responded May 5, 2021, denying plaintiff's request for a crown, instead prescribing extraction of the #8 tooth.  This does not appear to have been appealed. (Exhibit 5)

Plaintiff sent a Form 9 communication to unit team Pettijohn on March 18, 2021, asking for a root canal.  Pettijohn responded that Centurion made that decision. (Exhibit 5)

Plaintiff sent a similar Form 9 the same day to Centurion's director of nursing, who responded that Centurion doesn't do root canals and that plaintiff should speak to Dr. Chaney. (Exhibit 5)

March 8, 2022, plaintiff sent a form 9 to centurion asking for a crown and some compensation, both of which requests were denied. (Exhibit 5)

March 29, 2022, plaintiff refused his dental appointment to perform a root canal, but was then put back on the schedule.

When the El Dorado Correctional Facility started using digital tablets and plaintiff created six relevant messages. 1) January 30, 2023, plaintiff seemed to be explaining why he hadn't completed his administrative process; 2) February 6, 2023, Mr. Dudley complained that he submitted a grievance on February 3, 2023, and it had disappeared.  The response was that he had submitted a form 9 and not a grievance. 3) On February 16, 2023, Mr. Dudley advised he had an emergency grievance to be picked up and copied. 4) On February 16, 2023, Mr. Dudley then indicated he wanted to include a copy of his January 30, 2023 grievance with his emergency grievance. 5) On February 16, 2023, Mr. Dudley complained that a form 9 he sent to Warden Williams asking about how to submit a grievance had not been answered. 6) On February 20, 2023, Mr. Dudley asked for copies of his emergency grievance, but didn't want to turn in the grievance. (Exhibit 5)

## MEDICAL INFORMATION

Plaintiff's medical records from March 8, 2021, through February 17, 2023, are attached, comprising some 3,374 pages of documents.  (Exhibit 15)

A chronology prepared by the health care provider identifies relevant records by page number in reference to the larger medical record. (Exhibit 16)

A chart illustrates the location of the #8 injured tooth. (Exhibit 17)

## NON-AFFIDAVIT DOCUMENTARY EXHIBITS

Plaintiff is required to file a personal injury claim within ten calendar days of the date when the injury is alleged to have occurred whether or not he has filed a grievance.

The Kansas Administrative Regulation 44-16-104a is set out in the inmate rule book every inmate receives upon being processed into the correctional system.  (Exhibit 8)

Internal Management Policy and Procedure 01-118D contains the form for inmates to use to make a claim for personal injury and explains the appeals process which would permit the exhaustion of this administrative remedy.  (Exhibit 10)

Grievance procedures are set out in Kansas Administrative Regulations 44-15-101 et seq, which are also contained in the Inmate Rule Book provided to all inmates.   The emergency grievance procedure and purpose are set out at Kansas Administrative Regulation 44-15-106. (Exhibit 9)

Plaintiff did not appear to have exhausted any administrative remedies.  No property claims or grievances were found regarding the plaintiff's claim for dental care, except for two Emergency Grievance on which plaintiff did not follow through.  (Affidavit Exhibits 4, 5, 6, 7)

The Kansas Department of Corrections has department wide policies regarding dental care, including:

Internal Management Policy and Procedure 10-114D provides for the availability to inmates of medical, dental and behavioral health services.  (Exhibit 11)

Internal Management Policy and Procedure 10-116D describes dental services available for inmates.  This policy was revoked November 1, 2021. (Exhibit 12)

Internal Management Policy and Procedure 16-102D describes available oral health care services.  This policy became effective November 1, 2021 (Exhibit 13)

Hutchinson Correctional Facility General Order 13-120 provided for inmates to have twenty-four hour emergency medical and dental care and first aid. It was revoked on May 20, 2022 because the subject matter was contained in Internal Management Policy and Procedure 10-114D.(Exhibit 14)

## **CONCLUSION**

Plaintiff was involved in a fight with another inmate and lost a portion of his #8 front tooth on March 8, 2021.

The health care provider contracted with the state to provide dental services to inmates. The tooth was examined and treated a number of times, multiple times by building up the tooth to protect the pulp.  Plaintiff did not want the tooth extracted.

Following a number of examinations by multiple doctors, defendant Dr. Cannon opined that due to the nature of the damage to the tooth, while a root canal was possible, that the installation of a crown was not a good idea, would involve complex surgery off-site and would have a series of problems maintaining dental health, assuming the crown could be attached in the

first place.  Dr. Cannon recommended extraction of the tooth, as had the other dentists before him.

Defendant Secretary of Corrections Zmuda doesn't have any direct knowledge of plaintiff's situation and didn't respond to any appeals from plaintiff of properly conducted grievances or of administrative property claims.

The secretary also indicated that there is no state policy prohibiting any particular dental practice, including root canals and crowns.  By policy and by contract with the health care provider, the Regional Dental Director, defendant Dr. Cannon, decides in his discretion whether a given dental procedure or dental appliance is medically indicated or is otherwise necessary.

It doesn't appear plaintiff exhausted his administrative remedies.

Plaintiff appears to simply disagree with the opinion of Dr. Cannon as to how his broken tooth should be treated.  Such a disagreement, under the facts of this case, fails to state a violation of plaintiff's constitutional rights.

Respectfully submitted,

_/s/ Jon D. Graves_____
Jon D. Graves #10554

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: Matt Shoger, Assistant Attorney General, Memorial Bldg., 2nd Floor, 120 S.W. 10th Ave., Topeka, KS 66612-1597 and by mailing a copy to:

James R. Dudley #91359
El Dorado Correctional Facility
P.O. Box 311
El Dorado, KS  67042                                    /s/ Jon D. Graves
                                                                            Jon D. Graves

**EXHIBIT LIST**

1. Inmate Data Summary sheet for plaintiff James R. Dudley #91359
2. Affidavit of Jeff Zmuda
3. Affidavit of Dr. Fred Cannon
4. Affidavit of Scott Kincaid
5. Affidavit of Janie Powell
6. Affidavit of Teresa Clark
7. Affidavit of Ashley Childers
8. Kansas Administrative Regulation 44-16-104a
9. Kansas Administrative Regulation 44-15-106
10. Internal Management Policy and Procedure 1-118D
11. Internal Management Policy and Procedure 10-114D
12. Internal Management Policy and Procedure 10-116D and Notice of Revocation
13. Internal Management Policy and Procedure 16-102D
14. Hutchinson Correctional Facility General Order 13-120 Notice of Revocation
15. Plaintiff's full medical record from March 1, 2021, to February 17, 2023 (filed under seal and conventionally, but will be provided to plaintiff on paper)
16. Chronological Summary of relevant medical records keyed to page number of record
17. Illustration of tooth involved

/s/ Jon D. Graves            May 15, 2022
Jon D. Graves              Date

Subscribed and sworn to before me this 15th day of May, 2023.

        /s/ Rhonda K. Severin
        Notary Public

My Commission Expires:  November 18, 2026