IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES RICHARD DUDLEY,**

    **Plaintiff,**

    v.                                           **CASE NO. 23-3016-JWL**

**KANSAS DEPARTMENT OF
CORRECTIONS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner at the El Dorado Correctional Facility ("EDCF"), in El Dorado, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 5).

On February 28, 2022, the Court completed a preliminary screening of Plaintiff's Amended Complaint and ordered the officials responsible for the operation of EDCF to prepare a *Martinez* Report (the "Report"). The order provided that once the Report has been received, the Court could properly screen Plaintiff's claims under 28 U.S.C. § 1915A. The Court also dismissed three defendants and ordered that the remaining defendants be served. The *Martinez* Report (Doc. 26) was filed on May 15, 2023.

The *Martinez* Report largely confirms Plaintiff's factual allegations but disputes Plaintiff's contention that the KDOC has an extraction-only policy. According to Secretary of Corrections Zmuda, there is no state policy prohibiting any particular dental procedure or limiting dental treatment to extractions. *Affid. of Dr. Fred Cannon*, Doc. 26-3, at 1. Internal Management Policy

1

and Procedure (IMPP) 10- 116D recognized the possible need for specialized procedures that were beyond the capability of the facility dentist to perform. Such services, upon the approval of the Regional Dental Director, were to be referred to the appropriate dental specialist. This policy was revoked on November 1, 2021, and replaced with IMPP 16-102D. It similarly provides for referral of inmates to dental specialists and oral surgeons when clinically indicated and the needed treatment falls outside the scope or ability of the facility dental care provider to perform. *Id.* Such referrals are approved by the Regional Dental Director, Defendant Cannon, who is employed by the contracted dental provider, Centurion of Kansas, LLC. Doc. 26, at 6.

The Report argues that Defendant Zmuda had no direct involvement with any decisions regarding Plaintiff's dental care, and the Amended Complaint does not contain anything more than conclusory allegations of Zmuda's participation in establishing policy. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). The Court finds that Plaintiff fails to state a claim against Zmuda and dismisses him from this action.

The Report also asserts that Plaintiff failed to exhaust his administrative remedies. However, Plaintiff disputes this in his Amended Complaint, saying that he has been "given the runaround" on his grievance appeal. Doc. 9, at 4.

What the Report does not address is whether *Centurion* has a blanket policy of denying root canals and crowns based on financial considerations, instead requiring extraction, as alleged by Plaintiff. At least one panel of the Tenth Circuit has held that an extraction-only policy may be constitutionally deficient under certain circumstances. *See Stack v. McCotter*, F. App'x 383, 390 (10th Cir. 2003) (unpublished). Moreover, accepting Plaintiff's allegations as true, this is not a situation where the prisoner simply disagrees with the recommended course of treatment and prefers something different. Plaintiff wanted the treatment recommended by Dr. Chen and Dr. Chaney, but the alleged extraction-only policy prevented him from receiving it. "Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).

The Court finds that Plaintiff's Amended Complaint survives screening, and the Court will order the remaining defendants to answer or otherwise respond to the claims.

**IT IS THEREFORE ORDERED** that Jeff Zmuda is dismissed from this action.

**IT IS FURTHER ORDERED** that Defendants Centurion and Cannon shall have until **July 26, 2023, i**n which to file an answer or otherwise respond to Plaintiff's Amended Complaint.

**IT IS FURTHER ORDERED** that the clerk shall correct Defendant Cannon's name on the docket, changing it from (fnu) Cannan to Fred Cannon, D.D.S.

**IT IS SO ORDERED**.

**Dated May 26, 2023, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**