IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

JAMES RICHARD DUDLEY
Plaintiff,

VS.,

KANSAS DEPARTMENT OF CORRECTIONS, et al.,
Defendant(s)

CASE NO. 23-3016-HLT-ADM

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER

## Statement of the Case

This is a civil rights action filed under 42 U.S.C. §1983 by a state prisoner whose tooth was broken in an altercation with another prisoner and who is presently being denied appropriate medical care. The plaintiff seeks Relief from Judgment or Order to ensure the defendants are not dismissed from this action.

## Statement of Facts

As stated in plaintiff's Motion for Relief from Judgment or Order this court ordered defendant(s) KANSAS DEPARTMENT OF CORRECTIONS, TOMMY WILLIAMS, DARCIE HOLTHAUS, and JEFF ZMUDA dismissed from this action. (Mo. Re. Judgment or Order at ¶¶ 1-2) The defendant(s) gave the plaintiff the "run around" on his grievances and was unable to obtain a final resolution before defendants were dismissed. (Mo. Re. Judgment or Order at ¶¶ 15-18) Plaintiff has now recieved a final resolution to his grievances on his tooth and it is inconsistant with defendant(s) JEFF ZMUDA Martinecc Report. (Mo. Re. Judgment or Order ¶ 1(a); and EXHIBIT #1, pg. 1.)

1

Do to the inconsistences in the grievance response and in the timing and manner in which the defendant(s) provided plaintiff his grievance response it necessitates that defendant(s) KANSAS DEPARTMENT OF CORRECTIONS, TOMMY WILLIAMS, DARCIE HOLTHAUS, and JEFF ZMUDA be reinstated as defendants in this action.

## ARGUMENT
### POINT I
### THE PLAINTIFF IS ENTITLED TO RULE 60(b)(3) RELIEF BY DEFENDANTS MISCONDUCT

To justify Rule 60(b)(3) relief, misconduct of an adverse party must be of such a nature as to prevent the other party from fully and fairly presenting his case. West v. Love, 776 F.2d 170, 176 (7th Cir. 1985)

### A. PLAINTIFF HAS SHOWN SUFFICIENT EVIDENCE TO SUPPORT A MISCONDUCT FINDING

Plaintiff has alleged and produced supporting documentary evidence that his grievance appeal was delayed by defendants until after their Martinez Report was filed and the court ordered the Defendants dismissed from this action before they provided plaintiff with a response to his grievance appeal on his tooth.

see Anderson v. Cryovac, Inc., 862 F.2d at 923 (withholding evidence in discovery may be sufficient misconduct to justify relief); Jordan v. Paccar, Inc., 97 F.3d 1452, 1996 WL 528950, *6 (6th Cir. 1996)(unpublished) ("other misconduct" may include "accidents that should have been avoided, for instance a

2

reckless approach to searching one's files for discoverable material.") Defendants JEFF ZMUDA obviously did either or of these things as well as DARCIE HOLTHAUS.

## POINT II

## DEFENDANTS CAN BE HELD LIABLE FOR POLICY THEY MADE.

Plaintiff has alleged in his amended complaint that he has been denied the prescribed treatment of a root canal and crown by a blanket denial policy of root canals and crowns by defendants. Plaintiff's grievance appeal response coupled with defendant Cannon originally stating that the KDOC will not pay for RCT treatment and crown and will not pay to transport plaintiff to receive such treatment, established an inference that defendants are indeed enforcing an extraction only policy. (Mo. Re Judgment or Order) Such conduct by prison officials is a clear violation of the Eighth Amendment. Boswell v. Sherburne County, 849 F.2d 1117, 1123 (10th Cir. 1988) (sheriff and chief jailer could be held liable for policy of minimizing medical cost); Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 336-37, 347 (3rd Cir. 1987); Ancata v. Prison Health Services, Inc., 769 F.2d 700, 704 (11th Cir. 1985); Sealock v. Colorado, 218 F.3d 1205, 1211 (10th Cir. 2000) (officers who refused to drive prisoner with apparent heart attack to hospital could be found deliberately indifferent.)

3

## POINT III

Defendant(s) JEFF ZMUDA, DARCIE HOLTHAUS, and TOMMY WILLIAMS CAN BE NAMED AS PARTIES FOR PURPOSES OF DISCOVERY.

Plaintiff has alleged that he has been getting the "run around" on his grievance by defendants in his amended complaint and produced evidence of such misconduct by defendants with his admission into evidence defendants final resolution grievance response. Defendants also claim to have a policy of approving only medically necessary root canals and crowns. Plaintiff has been prescribed a root canal and crown by 2 dentist and a root canal as medically necessary by 3 dentist. It is still unclear who is responsible for the actions complained of by plaintiff.

Satchell v. Dilworth, 745 F.2d 781, 786 (2d Cir. 1984) (holding corrections and parole commissioners could be named as parties "at least for purposes of discovery aimed at identifying those of their surbordinates who are personally responsible for the departmental actions complained of"). ("When the merits of a prisoner's claim have been fully examined and ruled upon by the ultimate administrative authority, prison officials can no longer assert the defense of failure to exhaust, even if the inmate did not follow proper administrative procedure.") Strope v. Collins, 2006 WL 3390393, *3 (D. Kan., Nov. 22, 2006)

## POINT IIII

DEFENDANTS OWN POLICY PROVIDES FOR PLAINTIFF'S PRESCRIBED TREATMENT.

4

Defendant JEFF ZMUDA states in his affidavit that "Dental treatment was not limited to extractions, besides routine dental care". Defendant DARCIE HOLTHAUS states in her grievance response to plaintiff that KDOC policy is to not perform root canals or crowns that are not medically necessary. Again, plaintiff has been prescribed root canal treatment by 3 different dentist at 2 different facilities as being medically necessary. Plaintiff points out that it is not medically necessary to extract his tooth. Defendant Cannon informed plaintiff that KDOC will not pay for root canal treatment or crowns and will not provide or pay for officers to transport plaintiff to an outside provider for the necessary surgery to save his tooth.

Chance v. Armstrong, 143 F.3d at 703-04 (holding allegation that dentists proposed extraction, rather than saving teeth, for financial reasons stated an Eighth Amendment claim); Hunt v. Uphoff, 199 F.3d 1220, 1223-24 (10th Cir. 1999)(refusing to dismiss allegations that one doctor denied insulin prescribed by another doctor and that medically recommended procedures were not performed as mere differences of medical opinion); Hamilton v. Endell, 981 F.2d 1063, 1066-67 (9th Cir. 1992)(holding prison officials may not shop around until they get a medical opinion that suits their non-medical concerns, or intentionally rely on a medical opinion that is without adequate basis).

5

CONCLUSION

For the foregoing reasons, the court should grant the motion in its entirety.

August 1st, 2023

s/ James R Dudley
James Richard Dudley (PROSE)
#0091359
KANSAS DEPARTMENT OF CORRECTIONS
EL DORADO CORRECTIONAL FACILITY
P.O. Box 311
EL DORADO, KS 67042
Litigant PRO SE