IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

JAMES RICHARD DUDLEY,
Plaintiff,

V.,

KANSAS DEPARTMENT OF CORRECTIONS, secretary of Corrections JEFF ZMUDA, secretary of Corrections Designee DARCIE HOLTHAUS, Warden of El Dorado correctional Facility TOMMY WILLIAMS, Unit Team Manager Hoepner, Unit Team Manager Henke, Unit Team ABLE, correctional officer BARKER, Correctional officer THOMPSON, correctional officer DELANO, and Warden of Hutchinson correctional Facility DAN SHNURR, CENTURION, Regional Director of Dental Services CANNON, Centurion Dentist CHEN, unknown El Dorado correctional Facility mailroom officers, unknown Hutchinson correctional Facility officers,
Defendants.

Case No. 23-3016-HLT-ADM

AMENDED CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. §1983

1) JAMES RICHARD DUDLEY is a citizen of the United States of America born in the STATE OF KANSAS who is now a citizen of Kansas who presently resides at the KANSAS DEPARTMENT OF CORRECTIONS, EL DORADO CORRECTIONAL FACILITY, 1737 SE Highway 54, P.O. Box 311 El Dorado, Kansas 67042.

2) Defendant JEFF ZMUDA is a citizen of Kansas, and is employed as the secretary of Corrections for the Kansas Department of Corrections.

3) Defendant DARCIE HOLTHAUS is a citizen of KANSAS and is employed as the secretary of Corrections Designee for the KANSAS DEPARTMENT OF CORRECTIONS.

4) Defendant TOMMY WILLIAMS is a citizen of KANSAS and is employed as the Warden of EL Dorado CORRECTIONAL FACILITY of the KANSAS DEPARTMENT OF CORRECTIONS.

5) Defendant HOEPNER is a citizen of KANSAS and is employed as the Unit Team Manager of B cellhouse at EL DORADO CORRECTIONAL FACILITY at the time the complaint arouse.

6) Defendant HENKE is a citizen of KANSAS and is employed as the Unit Team

Manager of B cellhouse at the EL DORADO CORRECTIONAL FACILITY of the KANSAS DEPARTMENT OF CORRECTIONS.

7. Defendant ABLE is a citizen of Kansas, and is employed as the unit team of B1 cellhouse of ELDORADO CORRECTIONAL FACILITY of the KANSAS DEPARTMENT OF CORRECTIONS.

8. Defendant BARKER is a citizen of Kansas, and is employed as the a correctional officer at EL DORADO CORRECTIONAL FACILITY of the KANSAS DEPARTMENT OF CORRECTIONS.

9. Defendant THOMPSON is a citizen of Kansas, and is employed as a correctional officer at EL DORADO CORRECTIONAL FACILITY of the KANSAS DEPARTMENT OF CORRECTIONS.

10. Defendant DELANO is a citizen of Kansas, and is employed as a correctional officer at EL DORADO CORRECTIONAL FACILITY of the KANSAS DEPARTMENT OF CORRECTIONS.

11. Defendant DAN SHNURR is a citizen of Kansas, and is employed as the Warden of HUTCHINSON CORRECTIONAL FACILITY of the KANSAS DEPARTMENT OF CORRECTIONS.

12. Defendant FRED LANNON is a citizen of Kansas, and is employed as the Regional Director of Dental Services for Centurion, Kansas L.L.C.

13. Defendant CHEN is a citizen of Kansas, and is employed as a dentist by Centurion, Kansas, LLC.

14. Defendants (UNKNOWN) EL DORADO CORRECTIONAL FACILITY mail room officers are citizens of Kansas, and are employed at the EL DORADO CORRECTIONAL FACILITY of the KANSAS DEPARTMENT OF CORRECTIONS.

14. Defendants (UNKNOWN) HUTCHINSON CORRECTIONAL FACILITY officers are citizens of Kansas, and are employed by the KANSAS DEPARTMENT OF CORRECTIONS at the HUTCHINSON CORRECTIONAL FACILITY.

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983; West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250 (1988), and Parratt v. Taylor, 451 U.S. 527, 537 n.3, 101 S.Ct. 1908 (1981); Monell v. New York City Dept of Social Services, 436 U.S. 658, 691-93, 98 S.Ct. 2018 (1978).

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

On 3/08/2021 plaintiff's JAMES RICHARD DUDLEY's tooth was chipped resulting in the loss of 1/3 of his tooth. Plaintiff had to be seen for emergency dental care on 3/08/2021 and was evaluated/examined by Dr. Chan in the dental department at Hutchinson Correctional Facility. It was determined by Dr. Chan that plaintiff needed a crown after the swelling went down.

On 3/15/2021 the temporary cover Dr. Chan put in place came off and plaintiff was again examined on 3/16/2021 but by Centurion employee Dr. Chaney in the dental department at Hutchinson Correctional Facility.

Dr. Chaney advised plaintiff that plaintiff was "a prime candidate for a root canal and crown". Dr. Chaney advised plaintiff that this was the standard appropriate treatment for plaintiff's dental condition.

Plaintiff was prescribed more pain medication and antibiotics and put in for a root canal and crown by Dr. Chaney. Several days later plaintiff was advised by Dr. Chaney that CENTURION and the KANSAS DEPARTMENT OF CORRECTIONS will not provide and pay for a root canal and crown as it was against "policy" and had been ordered by CENTURION and the KANSAS DEPARTMENT OF CORRECTIONS to extract plaintiff's tooth.

Plaintiff refused tooth extraction because both dentist advised plaintiff that plaintiff did not need his tooth extracted as it was unnecessary and that they both had proscribed a root canal and crown as the dental treatment for plaintiff. Subsequently plaintiff has been transfered three times and has been denied the appropriate and necessary treatment proscribed by the dentist

(a root canal and crown) as it is one treatment for plaintiff's dental condition. The crown and bridge is to protect the tooth after the root canal because the tooth becomes brittle after the root canal. Without the crown plaintiff's tooth would fracture and become infected and it would result in the loss of plaintiff's tooth anyways. With the crown plaintiff has a good chance of keeping his tooth for 10 to 20 years. The sole purpose of dentistry is to <u>preserve the teeth</u>, not remove them.

Plaintiff was advised by DDS Chany that his tooth would last longer if he did not get a root canal since plaintiff was pursuing litigation. Then Defendant DDS Chen preformed a composite build up of plaintiffs #8 tooth without a root canal and caused plaintiff severe pain because of pressure build up inside of plaintiff's tooth. The plaintiff's jerry rigged composite build up popped off a week later.

Plaintiff was transfered to Lansing Correctional Facility and offered a root canal with NO crown. Plaintiff asked DDS APN's why he could not receive a crown and advised plaintiff that "we do not do crowns." So plaintiff refused the offered root canal going off of the advise given to him by DDS Chaney. Plaintiff was transferred to El Dorado Correctional Facility shortly after that, were the defendants named in this complaint began retaliating on him for this lawsuit and other lawsuits and litigation. Once plaintiff passed the screening process by this court the defendants Unit Team Manager Hoepner and Unit Team manager Henke have not allowed plaintiff **access** to Exhibit 15. Plaintiff has repeatedly been placed on More Restricted Area Hard cells (Box cells) for false disciplinary charges or "just because" by defendants.

El Dorado Correctional Facility SST officers refuse to take plaintiff to his dental appointments claiming to be unavailable, etc.

~~xxxxx~~

1. Defendant Jeff Zmuda is the secretary of corrections of the Kansas Department of Corrections and is responsible for ensuring that

2. Plaintiff receives the prescribed treatment for his dental condition. Plaintiff was prescribed a root canal and crown while at Hutchinson Correctional Facility by defendants DDS Chen, DDS Chang which was approved by defendant √DDS Regional Director Cannon and was then prevented from receiving this prescribed treatment by Unknown Hutchinson Correctional Facility transport officers and/or officials.

3. Defendant Dan Shnurr Warden of Hutchinson Correctional Facility is responsible for the supervision and well being and Health care of prisoners housed at HCF. Dan Shnurr failed in his duty to plaintiff by "losing" plaintiff's grievance and/or failing to ensure that plaintiff received his prescribed root canal and crown by providing transport for plaintiff to receive treatment by outside specialist.

4. Defendant Tommy Williams Warden of El Dorado Correctional Facility has the same responsibilities at EDCF as defendant Shnurr does at HCF.

5. Defendant Hoepner was unit Team manager of B1 cellhouse at El Dorado Correctional Facility and was responsible for plaintiffs cell moves.

6. Defendants ~~Dase~~ Henke and Able are responsible for plaintiff's cell moves and have been moving plaintiff into More Restricted Area hard cells or taking plaintiff's property and legal mail every time plaintiff had an important response time in this action. They took plaintiff's property and legal mail from him on September 20th, 2023, to prevent plaintiff from filing for another extension of time in which to obtain expert witness for this case. Able and Henke placed plaintiff in a hardcell/boxcell on the 2nd of December, 2023, also stating to plaintiff "drop your lawsuit and we will stop moving you."

7. Defendant Barker is a correctional officer who was working in RHU B1 cellhouse and he denied plaintiff sick call stating to plaintiff "Payne is my friend and she says your suing her friends in Centurion. Your not going to sick call." Barker even attacked plaintiff and hurt plaintiff to the point were plaintiff was paralyzed and had to be taken to Wesly Medical Hospital in Wichita, KS and get his spinal cord straightened.

8. Defendant ~~Barker~~ Thompson is a Corrections Specialist one of B cellhouse and said to plaintiff "Your not going to get anymoney so you can use it to keep suing our officers" Since this statement Defendant Thompson has tried to knock out plaintiff's #8 tooth by punching plaintiff repeatedly in the mouth and face while plaintiff was on the ground in handcuffs and not resisting. He also took plaintiff's toothpaste and mouthwash provided to him by the dentist.

9. Defendant Delano is a corrections specialist one at EDCF and attacked plaintiff on December 1st, 2023, in the day room trying to get plaintiff to fight him so he could take plaintiff's property and legal work away from him. Delano stated to plaintiff after the incident "that's alright Dudley, your still moving to the hard cell tommorow. Your not going to win your lawsuits."

10. Defendant Fred Cannon is Centurions Regional Director of Dental Services and has the final say so wheather plaintiff receives outside specialist care for his #8 tooth. He approved plaintiffs outside care for a root canal and crown placement but then allowed UNKNOWN KDOC/HCF officers and/or officials to refuse to transport plaintiff to receive his prescribed treatment. Ever since then Mr. Cannon has continued to allow KDOC dictate that plaintiff will not receive a root canal and crown and will not be transported for outside care. Defendant Cannon stated to plaintiff "KDOC is not going to allow this treatment."

11. Defendant CHEN is a dentist for Centurion and preformed a composite buildup on plaintiff's tooth without the root canal without telling plaintiff that he was not supposed to do this. Plaintiffs tooth became very painful and infected and the composite buildup popped off.

12. Defendants UNKNOWN mail room officers have seized plaintiffs mail from Precision Dental, Wichita KS, offering me an evaluation for my #8 tooth for $92.00 to receive a diagnosis. I can be infered that this is retalitory in nature as the grievance is in and plaintiff is being ignord by unit team and given the runaround.

CANNON who is the director of Dental Services for the defendant KANSAS DEPARTMENT OF CORRECTIONS but employed by defendant CENTURION. Dr. Cannon advised plaintiff that the KANSAS DEPARTMENT OF CORRECTIONS would not pay for a crown and agreed with plaintiff it would be better to not get the root canal offered to keep plaintiff's tooth alive as long as possible since plaintiff is pursuing administrative and legal relief. Dr. Cannon gave plaintiff SENSODYNE tooth paste, a dental splint and case to further protect plaintiff's tooth and lower the risk of infection and prescribed plaintiff tylonal while plaintiff pursues relief. Dr. Cannon also advised plaintiff that defendant CENTURION would not provide a root canal and crown because of financial issues.

Plaintiff has given defendant the KANSAS DEPARTMENT OF CORRECTIONS one last chance to provide relief for the violation of plaintiff's 8th Amendment Right to reasonable dental care by filing an emergency grievance for special kinds of problems to defendant JEFF ZMUDA ▓▓▓▓▓▓▓▓▓▓

However the defendant KANSAS DEPARTMENT OF CORRECTIONS has already be provided sufficient amount of notice that indicates plaintiff's Rights are being violated. Plaintiff raised the issue of denial of dental treatment as one of the conditions of his unconstitutional conditions of confinement in Dudley v. Kent, 20-3241-SAC and the Attorney General office - through Michael J. Duenes responded by agreeing that, plaintiff, quote "Dudley also alleges various unconstitutional conditions of confinement that are unrelated to the facts of this case," and "Because plaintiff is lodging an entirely new complaint...," and "Plaintiff may pursue his new claims in a separate case, if he so chooses." (see Doc. 38, Dudley v. Kent.) The District Court agreed with the Attorney general and directed plaintiff to file a new complaint in which the Defendant(s) in this action received notice of from the courts.

# Damages Suffered

1. Plaintiff has been in continues unecessary pain since 3/08/2021 from repeated infections of his #8 tooth.

2. Plaintiff has now suffered the death of his #9 front tooth because the infection in his #8 tooth spread and caused his #9 tooth to become infected and abessed.

3. Plaintiff suffers from pain when eating his meals and brushing his teeth and occassionally drools on himself and others and has problems speaking because of his #8 tooth.

4. Plaintiff's voice has been permanatly damaged because of the infections in his #8 tooth spreading down his throat.

5. Plaintiff has suffered months of complete isolation with no meaningful communication with his family or the outside world because of defendants retalitory actions placing plaintiff in a box cell numerous times for no reason.

6. Plaintiff has suffered the loss of alot of his legal work and has had to pay for copies or have his mother copy and send in to him copies of his legal work.

7. Plaintiff has suffered mental and emotional distress due to the retalitory acts of defendants and inhumane treatment for the refusal of defendants to provide at least a root canal while plaintiff was at Hutchinson Correctional Facility in 2021.

Plaintiff seeks compensatory and punitive damages for defendants refusing plaintiff a root canal in the year 2021.

Plaintiff seeks punitive damages for the denial of root canal and crown treatment since April 2021, for the pain and infections, loss of enjoyment of life while all the while suffering the defendants and other peoples urging for plaintiff to just let them extract the tooth.

Plaintiff seeks compensatory and punitive damages for the loss of his right to a normal cell just like all the other prisoners with a bed, desk, phone, window and no exposer to the outside elements. for the emotional distress of being isolated from his family and friends caused by the defendants.

Plaintiff is seeking $100,000.00 in compensatory damages for every 10 months of defendants refusing plaintiff his prescribed root canal and crown, for a total of $300,000.00 now. Jointly and severly in their individual capacity.

Plaintiff is seeking $2,700,000.00 in punitive damages from defendants for the deliberate indeference and denial of his root canal and crown for the past 3 years since 3/08/2021 Jointly and severly in their individual capacity.

Plaintiff is seeking $100,000.00 in compensatory damages for the mental and emotional distress caused by defendants deliberate refusal to provide root canal and crown treatment prescribed to him by dentist, Jointly and severly in their individual capacity.

Plaintiff is seeking punitive damages in the amount of $900,000.00 for the emotional and mental anguish suffered because of the refusal of defendants to provide the proscribed treatment root canal and crown. Jointly and severly in their individual capacity.

Plaintiff is seeking $1,000,000.00 in compensatory and punitive damages

from defendants for their retaliatory actions against plaintiff for placing him reppeatedly in a "box cell" and seizing and destroying his privileged mail from Precision Dental deliberately making the effort to prevent plaintiff from obtaining affordable expert diagnosis for the purpose of this lawsuit. Joointly and severally in their individual capacity.



2) Further the Plaintiff cannot be denied reasonable and necessary dental care and treatment by the defendants based on a blanket policy denying particular forms of treatment because of Cost and this is also clearly established law. (See Matcker v. Herr, 748 F.2d 1142, 1147-48 (7th cir.); Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998); Dean v. Coughlin, 623 F. Supp. ~~at 404;~~ (Holding that dentists proposed extraction, rather than saving teeth, for financial reasons stated an Eighth Amendment claim.)(holding dental conditions are serious if they "cause pain, discomfort or threat to good health."). Johnson v. Wright, 412 F.3d 398, 406 (2d cir. 2005)(holding that when prisoner's treating physicians recommend a course of action, and officials (even higher level medical administrators) ignore that recommendation, the result is not a mere disagreement over medical treatment but can be deliberate indifference.); Kikumura v. Osagie, 161 F.3d 1269 (10th cir. 2006); Sealock v. Colorado, 218 F.3d at 1210 n.5 (delay in providing treatment is actionable if pain and suffering are unnecessarily prolonged.); Novitsky v. City of Aurora, 491 F.3d 1244, 1255-56 (10th cir. 2007)(finding law is clearly established if plaintiff presents law from "other circuits that is 'on point'"); (McCormick v. Centurion of Fla., LLC Med. Contr., 2020 U.S. Dist. LEXIS 57374)(holding a corporation can be liable for a policy or custom that causes a constitutional violation.)

3) The operative question in this case is not whether the policy is generally justifiable, but whether a jury could find that the application of the policy in plaintiff's case could have amounted to deliberate indifference to plaintiff's medical/dental needs. Since defendant Canon has cited policy as the reason for his actions... the question before the court is whether following the policy resulted in deliberate indifference to [the plaintiff's] dental needs. Plaintiff believes that this is a question of fact that ought to be submitted to a jury. A jury could in fact reasonably find that the defendants here

## EXHUASTION OF ADMINISTRATIVE REMEDIES

1. Plaintiff has exhuasted all available administrative remedies.

See EXHIBIT # 1

### C. CAUSE OF ACTION

1) As a result of the defendant(s) blanket policy of refusing to treat prisoners with root canals and crowns plaintiff's 8th Amendment Right to be free from cruel and unusual punishment has been violated. The Law is clearly established in the 10th circuit courts that prisoners cannot be denied reasonable dental care and treatment do solely to cost.(See Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861 (1979); Ramos v. Lamm, 639 f. 2d 559, 575 (10th Cir. 1980)).

acted with a "sufficiently cupable state of mind" in mechanically following the policies and Guidelines and refusing plaintiff outside dental services especially while plaintiff was housed at Hutchinson Correctional Facility.

4) To state a claim of retaliation plaintiff must show that the defendants took adverse actions against him after plaintiff's exercise of his constitutionally protected Rights in close proximity to the exercise of those Rights. Every time plaintiff had a Timeline to meet in which to respond to defendants and this courts orders in this action he has been placed in a "box cell" and/or had his property taken from him which included his legal ~~work. He has also~~ Defendants also intercepted his priveleged mail from Precision Dental, Wichita, KS, which plaintiff is ready to prove as fact. Plaintiff has evidence on his Tablet account in the form of an email from Precision Dental stating that they did send me their response to my questions about an examination and diagnosis for my #8 tooth. In fact I was informed by their receptionist that Precision Dental has an opening for 2 weeks for plaintiff's examination and diagnoses. It it will only cost $92.00. Plaintiff has $25.00 saved up now with his mother to pay towards this examination. The receptionist Angela said I needed to just arange transportation to the dental office because Precision Dental dentist do not travel.

Plaintiff would be handicapped by not receiving this examination and diagnosis for his own expert opinion evidence. This appears to be defendants motive.

## RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief:

1. $3,500,000.00 in compensatory and punitive damages combined from defendant(s) Certorion, Cannon and Chen, in their individual capacity jointly and severly.

2. $3,500,000.00 in compensatory and punitive damages combined from defendants, KANSAS DEPARTMENT OF CORRECTIONS, Dan Shnurr, Jeff Zmuda, Darcie Holthaus, Bloemer, Hake, Barker, Thompson, Tommy Williams, and Delano and Unknown officers and/or Jane/John doe officials, in the individual capacity jointly and severly.

3. Issue a preliminary injunction ordering defendants Cannon and Tommy williams to arrange for an examination of his dental condition by precisian Dental, Wichita, Kansas for the purpose of a diagnosis of his dental condition.

## Jury Trial Demand

I JAMES RICHARD DUDLEY SSN# 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 do hereby claim and demand my Right to a Jury Trial of my fellow American Peers should the defendants refuse to come to a settlement agreement on this matter.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct, December 5th, 2023.

James R. Dudley

S/ James R. Dudley

James R. Dudley (Pro Se)
#0091359
Kansas Department of Corrections
El Dorado Correctional Facility
P.O. Box 311

El Dorado, KS 67042
Litigant PRO SE

B1-252



Phone: (785) 296-3317
Fax: (785) 296-0014
kdocpub@doc.ks.gov
doc.ks.gov

714 S.W. Jackson St., Suite 300
Topeka, KS 66603

# KANSAS
Department of Corrections

Jeff Zmuda, Secretary

Laura Kelly, Governor

## Grievance Response



**FACILITY:** El Dorado Correctional Facility
**RESIDENT:** Dudley, James #91359
**GRIEVANCE #:** CA22801
**DATE:** 4/12/2023

**COMPLAINT:**
    The concerns regard dental pain and request for root canal and crown.

**FINDINGS OF FACTS BY CLINICAL REVIEWER:**
    The Kansas Department of Corrections Medical Health Authorities reviewed the correspondence, site response, and EHR. The resident complains of ongoing tooth pain and issues with tooth #8 and #9 due to trauma. He has requested a root canal and crown for treatment. His dental issues began after a fight with another resident which led him to see a dentist on 3/8/2021. The resident has been seen multiple times by dental since that date and has had tooth extraction recommended to relieve pain, prevent infection, and preserve the resident's oral health. Each time the offender has refused extraction. It appears the offender was incorrectly informed that KDOC performs neither root canal treatment nor crown attachment multiple times. It is KDOC's policy that root canal treatments and crown attachments are performed when medically necessary. There appears to be a disagreement between the resident and the dentist regarding the medical necessity of a root canal in this particular case.

**CONCLUSIONS MADE BY CLINICAL REVIEWER:**
    With the injury the offender had, the issue of pain could have likely been resolved with extraction of the #8 tooth when the fracture with exposed pulp was first seen. The same can be said with the pain in the #9 tooth when it presented. He was later offered root canal treatment without instillation of the crown and refused it. If the issue is pain control, prevention of infection and preservation of oral and overall health, early extraction would have likely satisfied that. While it is understandable that a central incisor would be visible to others around him and extractions would be cosmetically undesirable, that is not necessarily a medical issue. According to the chart, it appears the offender has received appropriate recommendations and care.

**ACTION TAKEN:**
    No action necessary.

_Darcie Holthaus_
**Darcie Holthaus**
**Secretary of Corrections Designee**

CC:    Warden
        Centurion's Regional Medical Director
        Site H.S.A
        Dudley, James #91359
        File
The original response on appeal and all attached documents were mailed by way of United States Mail on _____.

The information provided in the response above concerning the grievant's medical and/or mental health condition and treatment is confidential and private in nature and is not intended for re-disclosure or sharing with third parties. That statement, however, does not apply to exercise of any other administrative remedies provided by the Kansas Department of Corrections, nor to pursuit of other administrative relief connected with medical and/or mental health condition and treatment, such as, for example, application for disability benefits under state or federal law, or to pursuit of litigation concerning the adequacy or propriety of medical and/or mental health care diagnosis and treatment furnished to the grievant.

# KANSAS DEPARTMENT OF CORRECTIONS INMATE GRIEVANCE FORM

## INMATE COMPLAINT

Inmate's Name _Dudley, James, R.,_ MAR 2 9 2021          Number _#0091359_

Facility _HCF-Central_        Housing Unit _Ao 2o 705_        Work Detail _U/A_

**NATURE OF COMPLAINT** BE SPECIFIC. (Include names, dates, places, rules, regulation, etc.; how you have been affected and action you believe the Warden should take.) Use additional paper if necessary. ATTACH DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION PRIOR TO FILING THIS FORMAL GRIEVANCE (i.e. Form 9s or other correspondence and response from staff member). (see attached informal resolution.)

Centurion is denying me medical treatment that I am entitled to, they are trying to force me to accept "treatment" that will further injure and disfigure me. I am in constant pain everyday because of Centurion's refusal to treat me appropriately. The treatment I need is a root canal and crown and by Kansas law and federal law I am entitled to this specific treatment dù to the circumstances of my medical condition. I want KDOC to do its duty and ensure that I receive the medical treatment I am entitled too and force Centurion to refer me to an outside dental provider to receive my root canal and crown.

Date this report was given to Unit Team for informal resolution (to be completed by inmate). _3•25•21_

**UNIT TEAM RESPONSE** (Complete and return to inmate within 10 calendar days.) #8 has a large percentage of crown missing, and is fractured to gumline in the back of tooth. It would need more than just a root canal to fix it. It would need extensive recon and bridgework. A root canal to fix it. It would need extensive recon and bridgework just to place a crown. We will not do custom crown + bridge work to this tooth. My prescription is extraction #8.

_Unit Team Signature_ (Conner) PTS   _5-5-21_   Date

**INMATE RESPONSE** (Complete and return to Unit Team within 3 calendar days)

_____ I am satisfied with the Unit Team response and wish to withdraw my formal grievance.

__✓__ I am not satisfied with the Unit Team response, and wish to forward to the Warden's office. (This must be done within 3 calendar days.) Date forwarded to Warden's Office (to be completed by staff). _____

_James R. Dudley_ (LOOK ⬇)          _2/16/2023_

Inmate Signature [FYI: Every crown is "custom." Noone has the same teeth.]   Date

**WARDEN RESPONSE** (Complete, attach response and return within 10 Working days.)

Date Received _____   Date of Final Answer _____   Date Returned to Inmate _____

_____          _____
Inmate's Signature                    Date     Unit Team Signature                  Date

If dissatisfied with this response, the inmate may appeal to the Secretary of Corrections within three (3) calendar days of receipt of this decision from the Warden.

## TO BE COMPLETED BY STAFF ONLY

Grievance Serial Number                          _____

Type of Complaint (Item 4: Code 01-75)           _____   _____

Cause of Complaint (Item 5: Code 01-30)          _____   _____

Type of Response (Item 6a: Code 01,02,08 or 09)  _____   _____

⑤

Form 9
For Cellhouse Transfer
Work Assignment _____
Interview Requests

_Audrey_
Last Name Only

### KANSAS DEPARTMENT OF CORRECTIONS

#0091359
**Number**

### OFFENDER REQUEST TO STAFF MEMBER

To: _Unit Team_      Date: _3·18·21_
   (Name and Title of Officer or Department)
    State completely but briefly the problem on which you desire assistance. (Be specific.)

Step 1 "informal resolution" of the grievance procedure.
On 3·8·21 my tooth was injured by becoming partialy knocked out. The dentist said I need
a root canal and crown and said that this is the appropriate treatment. I am being denied
this treatment. I am grieving this. HCF or whoever has directed the dentist to remove my
tooth. Im not allowing this because it is not the appropriate treatment and it will cause me
face structure disfigurement. If HCF is not doing the treatment then I request to be transfered
(even temporarily) to El Dorado Correctional Facility or Lansing Correctional Facility to have this treatment done.

Work Assignment: _____ Living Unit Assignment: _A·20·205_

Comment: _____ Detail or C.H. Officer: _____

Disposition: _____

To: _____      Date: _____
   (Name & Number)

Disposition: This is not HCF as the clinic is under
Contract through ~~Centurias~~ Centurion that
made the call.

_[signature]_
Employee's Signature

**To be returned to offender.**

P-0009

⑥

Form 9
For Cellhouse Transfer
Work Assignment _____
Interview Requests

_Dudley_
**Last Name Only**

## KANSAS DEPARTMENT OF CORRECTIONS

#0091359
**Number**

### OFFENDER REQUEST TO ST⸱ MEMBER

To: _Casey Silas-Director of Nursing_          Date: _3·18·21_
(Name and Title of Officer or Department)
State completely but briefly the problem on which you desire assistance. (Be specific.)

Both dentist says the Appropriate treatment for my injured tooth is a root canal. I'm asking for a root canal. I'm not going to be disfigured by having my front tooth removed when it does not have to be. If KDOC has to temporarily transfer me to El Dorado Correctional Facility or Lansing Correctional Facility to do this then there is No Justifiable reason for KDOC not to do so. All I ask is for you people to do the right thing.

Work Assignment: _____          Living Unit Assignment: _A·2· 205_

Comment: _____          Detail or C.H. Officer: _____

Disposition: _____

To: _Mr Dudley_          Date: _____
(Name & Number)

Disposition: Centurion Dental does NOT perform root canal procedures. I will forward this request to Dr Chaney for his information. He may want to see you himself.

_[signature]_
Employee's Signature

**To be returned to offender.**

P-0009

⑦

# Health Services Request Form

AUG 29 '22 PM 10:59

| For Medical Use Only |
| Sólo para uso médico |
| Date Received: |
| Time Received: |

Print Name (Imprimir nombre): Dudley, James, R.

Date of Request: August 29th, 2022

ID #: B091359    Date of Birth (Fecha de nacimiento): 8.1.1988

Housing Location (Ubicación de la vivienda): A2. 123

Nature of problem or request (Naturaleza del problema o solicitud): Dental. I am making my final request for my root canal and crown for my front #8 tooth. Ascion people gong to provide this treatment I am entitled to or not?

I consent to be treated by health staff for the condition described.
(Da su consentimiento para ser tratada por el personal de salud para la condición descrita.)

I understand that my requesting health services does not necessarily mean that I agree that I should be assessed a charge for healthcare services. If I disagree with any charges assessed, I understand I may file a grievance with the Warden as per KAR 44-15-101 et seq. I understand that a $2.00 fee will be assessed for any sick call visit and any non-emergency visit to health care staff if it is not a follow-up visit or referral.

(Entiendo que mi solicitud respect de recibir servicios de salud no necesariamente inplica que estoy de acuero en que se me cobren cargos por dichos servicios de salud. Comprendo que, en caso de no estar de acuero con el cobro de algún cargo, puedo presentar un reclamo ante el Alcalde, de conformidad con las reglamentaciones del KAR 44-15-101 et seq. Tengo entendido que el personal de salud cobrará un arancel de $2.00, por cualquier visita a un enfermo o visita que no sea de ugencia, si no se trata de una visita de seguimiento o por una derivación.)

Patient Signature (Paciente Firma)

**Place the slip in medical request box or designated area.**
**(Pon este articulo en la caja médica u otra área designada.)**
**Do not write below this area. (No escribe debajo de esta área.)**

(Original – Medical Record, Yellow Copy – Inmate/Patient, Pink Copy – Business Office)

(The area below is not to be used for education, counseling or documenting a clinical encounter)

Triaged by: W Bull n          ☐ Routine   ☐ Urgent   ☐ Emergent

Date: 8/29/22          Time: 2300

Date of Face-to-Face Visit: _____

Other: written response

### Response Recommendation (to be completed by Medical Staff only)

Initial   ☐ Nurse   ☐ Doctor   ☒ Dentist   ☐ Eye Doctor   ☐ Mental Health   ☐ ARNP
Appointment   ☐ Nurse   ☐ Doctor   ☒ Dentist   ☐ Eye Doctor   ☐ Mental Health   ☐ ARNP
Fee Charge   ☐ $2.00
Comments: pt refused dental appt. for this tx on 03-29-22, pt will be put back on schedule. pt will receive root canal, n crowns done in facility.

Crowell DA          09.06.2022
Staff Signature          Date





Centurion: REC-013KS
07/01/2020

# Health Services Request Form

MAR 7'22 at 12:42

| For Medical Use Only |
| Sólo para uso médico |
| Date Received: |
| Time Received: |

Print Name (Imprimir nombre): _Buellow James R._

Date of Request: _3.6.__

ID #: _0091359_     Birth (Fecha de nacimiento): _8.1.88_

Housing Location (Ubicación de la vivienda): _A-61u1_

Nature of problem or request (Naturaleza del problema o solicitud): _Dental, Do I have a dental appointment scheduled? I need a crown on #8 tooth. If I can get my crown and a little compensation for my troubles I will not sue Centurion Please. Thank you. And Bless you._

I consent to be treated by health staff for the condition described.
(Da su consentimiento para ser tratada por el personal de salud para la condición descrita.)

I understand that my requesting health services does not necessarily mean that I agree that I should be assessed a charge for healthcare services. If I disagree with any charges assessed, I understand I may file a grievance with the Warden as per KAR 44-15-101 et seq. I understand that a $2.00 fee will be assessed for any sick call visit and any non-emergency visit to health care staff if it is not a follow-up visit or referral.

(Entiendo que mi solicitud respect de recibir servicios de salud no necesariamente inplica que estoy de acuero en que se me cobren cargos por dichos servicios de salud. Comprendo que, en caso de no estar de acuerdo con el cobro de algún cargo, puedo presentar un reclamo ante el Alcalde, de conformidad con las reglamentaciones del KAR 44-15-101,et seq. Tengo entendido que el personal de salud cobrará un arancel de $2.00, por cualquier visita a un enfermo o visita que no sea de ugencia, si no se trata de una visita de seguimiento o por una derivación.)

Patient Signature (Paciente Firma)

**Place the slip in medical request box or designated area.**
**(Pon este artículo en la caja médica u otra área designada.)**
Do not write below this area. (No escribe debajo de esta área.)

(Original – Medical Record, Yellow Copy – Inmate/Patient, Pink Copy – Business Office)

(The area below is not to be used for education, counseling or documenting a clinical encounter)

Triaged by: _J. Hernandez (RN)_    ⬤ Routine   ☐ Urgent   ☐ Emergent

Date: _3-7-22_     Time: _12:57am_

Date of Face-to-Face Visit: _____

Other: _written response_

**Response Recommendation (to be completed by Medical Staff only)**

| | | | | | |
|---|---|---|---|---|---|
| Initial | ☐ Nurse | ☐ Doctor | ☒ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |
| Appointment | ☐ Nurse | ☐ Doctor | ☒ Dentist | ☐ Eye Doctor | ☐ Mental Health | ☐ ARNP |
| Fee Charge | ☐ $2.00 | | | | | |

Comments: _We do not do crowns here nor do we do "little compensation" for anybodies troubles. we are 3-4 mos out right now & you will be scheduled_

_Criswell DA_      _03-08-2022_
Staff Signature           Date

centurion

⑨

**Request #231656742**

| Profile Photo: | | |
|---|---|---|
| | **Resident Info** | |
| | **Name:** James Dudley | |
| | **Booking Number:** 91359 | |
| | **Submitted Date:** 02/16/23 08:19 | |
| | **Submitted from Location/Room:** 07,AB1136/B | |
| | **Current Location/Room:** 07,AB1136/B | |
| | **Facility:** El Dorado Correctional Facility - (KS DOC) | |

**Audit Photo:**
Audit Photo

**Form Info**

**Category:** Form 9
**Form:** Unit Team Form 9
**Internal Tag:** No Tag

**Request Info**

**Status:** CLOSED by Brian Buchholz
**Facility Deadline:** 03/02/23 23:59

**Details of Request:**

Emergency grievance

**Details of Request:**

**To::**
*(Name and Title of Officer or Department)*
Unit Team

**Please provide details about your request:**
*State completely but briefly the problem on which you desire assistance. (Be specific)*
Emergency Grievance: My #8 tooth was chipped two years ago and I was prescribed a root canal and crown. I was denied treatment because KDOC and/or CENTURION would not pay for it. I started the grievance process at HCF and it got lost or destroyed. My form 9 request about this issue dated the 30th explained this. I have my paper grievance form ready right now with "EMERGENCY GRIEVANCE" written on the top. Can you please come and pick it up so I can get copies and to insure it does not get lost again? Thank you.

**Work Assignment:**
OSR

**Comment:**

| DATE/TIME | USER | ACTION | DETAILS |
|---|---|---|---|
| 02/17/23 09:06 | Brian Buchholz | Staff Response | Yes |
| 02/17/23 09:06 | Brian Buchholz | Changed Status | From 'Open' to 'Closed' |
| 02/16/23 08:19 | James Dudley | Submitted New | Emergency grievance |

10

**Request #228390902**

**Profile Photo:**



**Audit Photo:**
Audit Photo

**Resident Info**

Name: James Dudley
Booking Number: 91359
Submitted Date: 01/30/23 15:47
Submitted from Location/Room: 07,AB1130/B
Current Location/Room: 07,AB1136/B
Facility: El Dorado Correctional Facility - (KS DOC)

**Form Info**

Category: Form 9
Form: Unit Team Form 9
Internal Tag: No Tag

**Request Info**

Status: OPEN
Facility Deadline: 02/13/23 23:59 (-3d)

**Details of Request:**

Grievance Issue

**Details of Request:**

**To::**
*(Name and Title of Officer or Department)*
Warden Tommy Willams

**Please provide details about your request:**
*State completely but briefly the problem on which you desire assistance. (Be specific)*
I have had a broken tooth since 2021 and dental proscribed a root canal and crown. I was denied root canal and crown and told KDOC would not pay for it and that Centurion did not do root canals. I started the grievance process while at HCF and tried to appeal it to the warden Dan Schnurr. I never received a response while at HCF. I was then transferred to LCF and I appealed my grievance to the SOC and received a response from SOCD Darcle Holthaus claiming that my grievance form was not filled out properly and that it was sent to the LCFwarden for review. I tried to follow up on my grievance while atLCF but I just got ignored and did not receive anything back. Policy was changed though and Centurion was allowed to do root canals byKDOC, (orCenturion allowed for root canals). I asked if I would receive the crown after the rootcanal as it it one treatment and was told bydental that there is a blanket policy prohibiting crowns to everyone because KDOCwas not going to pay for it.So I have all of this in writing and copies. note:The reason whythe grievance appeal I provided to the SOCwith myappeal to the SOCdid not havemy check and signature on it is because unit team Pettijohn copied my grievance with his response on it first before he brought me the original with my copies. I had advised him that I would need copieswhen I stopped him on the run to ask on the status of my grievance and he stated he had it and would do copies.Sotheoriginal was signed and checked. How do I proceed sir?

**Work Assignment:**
OSR

**Comment:**

| DATE/TIME | USER | ACTION | DETAILS |
|---|---|---|---|
| 01/30/23 15:47 | James Dudley | Submitted New | Grievance Issue |

(11)



El Dorado Correctional Facility
1737 SE Hwy 54
P.O. Box 311
El Dorado, KS. 67042

Phone: (316) 321-7284
Fax: (316) 322-2018
www.doc.ks.gov/facilities/edcf

Jeff Zmuda, Secretary
Tommy Williams, Warden

Laura Kelly, Governor

**Date:** February 21, 2023

**To:** Dudley, James #91359 B1-136

**RE:** Emergency Grievance

Your "Emergency grievance" was sent to my office 2/21/23 for a response.
Per 44-15-106 Emergency Procedure, Emergency Grievances shall mean those
grievances for which disposition according to the regular time limits would subject
the offender to a substantial risk of personal injury, or cause other serious and
irreparable harm to the offender.

It is determined that this complaint is **not an emergency.** It is being forwarded to
UTM J. Hoepner for response.

Tommy Williams, Warden
El Dorado Correctional Facility

Cc: File
    UTM J. Hoepner

(12)



Landon State Office Building
900 SW Jackson, 4th Floor
Topeka, KS 66612

phone: (785) 296-3317
fax: (785) 296-0014
kdocpub@doc.ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary of Corrections

Department of Corrections

Laura Kelly, Governor

TO:  Dudley, James #91359 B1-136

DATE: 2/24/2023

SUBJECT:  Grievance

FROM:  J. Hoepner
Unit team Manager B Cell House

**FINDINGS OF FACT:**    You filed a grievance regarding your appeal to being denied dental treatment while you were housed at HCF. In addition, you report you never received a grievance response from the warden at HCF. You also state that you tried to appeal this to central office, it was returned to you without a response while you were housed at LCF.

**CONCLUSIONS MADE:**

Centurion dental does not have the equipment to be able to perform root canal procedures. Per doctor Cannon here at EDCF, he states that it would require extensive crown and bridge work to fix your tooth. In addition, Doctor Cannon reported that he does not have the proper tools or equipment to complete this treatment. His recommendation was to have said tooth extracted.

**ACTION TAKEN:**

No further action required at this time, as it has been determined that Centurion dental does not have the equipment or tools to complete the oral surgery that would be necessary to fix your tooth #8. If you are sent to an outside provider, that is a decision that will be made by central office and will not be something that can be approved here at the facility level.

J. Hoepner Unit Team Manager

CC: Resident

13

El Dorado Correctional Facility
1737 SE Hwy 54
P.O. Box 311
El Dorado, KS. 67042



**Kansas**
Department of Corrections

Phone: (316) 321-7284
Fax: (316) 322-2018
www.doc.ks.gov/facilities/edcf

Jeff Zmuda, Secretary
Tommy Williams, Warden

Laura Kelly, Governor

Date:     MAR 1 3 2023

To:     Dudley, James #91359 B1-136

Subject:  Grievance dated 2/20/23, CA22801

Findings of Facts:  Your grievance was received and a review into your allegations has been completed.

Conclusion Made:  After a review of the applicable documentation, it was determined the response provided by UTM J. Hoepner is appropriate regarding your issues.

Action Taken:  Appropriate steps have been taken to ensure the process has been properly followed.

Pursuant to K.A.R. 44-15-102 (3) (B), you may appeal this answer by submitting the appropriate form to the Secretary of Corrections by mail.

Tommy Williams, Warden
El Dorado Correctional Facility

Cc:  file
     Offender
     UTM J. Hoepner

(14)

**Kansas Department of Corrections**

Dental Exam





**KDOC Adult Facilities**
**Hutchinson - Central**

PATIENT:          JAMES R DUDLEY
DATE OF BIRTH:    08/01/1988
DOC#:             91359
DATE:             03/16/2021 06:54 PM
VISIT TYPE:       Dental Exam

Previous biennial exam date: 12/13/2019

Patient reported no relevant past medical/surgical history.

**Other Findings:**
BP 119/72, O2Sa 97%, Pulse 80, Temp 98.6

**Subjective:**
TRIAGE APPPOINTMENT
VITALS:        BP - 128/**69**        SaO2 - 99/70        temp - 99.1F

"The cap fell off."

**Objective:**
Examination tooth #8 revealed the composite resin cover placed at the last visit exfoliated on the one third portion of the remaining clinical crown. Pulpal tissue on the palatal side of #8 was exposed (hanging out of the pulp chamber). Hemorrhage was also observed.

**Plan:**

Prophy
Tooth Extraction
Operative
Oral Hygiene Instructions
Post Operative Instructions
Return to clinic as needed

**Treatment:**
**ASSESSMENT**
Root canal therapy (RCT) is indicated. KDOC regulations do not provide for RCT treatments.
OPTIONS: 1. re-cover with a composite resin build-up over the exposed pulpal tissue, 2. solicit special permission to send pt to outside DDS for RCT procedure; 3. extraction of tooth #8.



# Kansas Department of Corrections

NB:  pt does not want to have tooth extracted.

**PLAN**
Contact KDOC Dental Director to find out if pt can be sent outside of facility for RCT treatment.

**TREATMENT #1**
Debrided area of tooth #8 with 0.9% Sodium Chloride solution; wiped periphery of tooth structure surrounding pulp chamber with 40% isopropyl alcohol cotton pellet. Controlled hemorrhage with isoprpyl alcohol cotton pellets.

**NB:  isoprpyl alcohol pellets were used because no other bacteriostatic or bacteriosidal medicament was available.**

3M ESPE Filtek Supreme Ultra Flowable Restorative composite resin used to build up tooth structure and create a bridge over the exposed pulpal tissue. The one third length of the original clinical crown was extended to approximately one half the length of the original clinical crown.
Temporary restoration was contoured and finished.

**NB:**  restoration could not be polished because there were no polishing armamenteria for polishing, such as greenie and/or brownie points, available.

**TREATMENT #2**
Restored a well contoured incisal edge to incisally chipped tooth #9.

PROCEDURE
Prophylaxed tooth #9 with solution of wet pumice. Dried tooth.
Etched tooth #9 with Kuraray Noritake K-Etchant material. Flushed tooth with water and dried it.
Placed Clearfil SE Bond 2 bonding agent and cured it with UV curing light for 20 seconds.
Placed 3M ESPE Filtek Supreme Ultra Flowable restorative Shade 2 composite resin material and contoured restoration; cured flowable composite resin restoration with UV light for 20 seconds.
Finished restoration, however, polishing was not done because there were no polishing armamenteria to complete procedure, such as greenie and/or brownie points, available.

**AT 16:25 HOURS ON 03/16/2021**
Dr. Chaney and Ms. Lewis visited pt at A2 Cellblock to give informational decision on possible RCT treatment outside HCF.
The Kansas State Dental Director stated DOC will not
      1) provide and pay for RCT treatment;
      2) RCT treatment is not treatment offered under DOC regulations; and
      3) KDOC will not pay for officers to escort pt outside of the facility for such treatment.

Pt was cautioned not to speak because other residents were listening. Pt was told by Dr. Chaney the conversation could be continued at the next appointment. Pt acknowledged he understood.

**NV: 1) Check PULP CAPPING**
     **2) Polish composite resin restorations placed on teeth #'s 8 and 9.**

**LEGEND:  NV = NEXT VISIT**    **NB = NOTE WELL**

Created on: 03/16/2021 07:31 PM        Generated by: Edward Chaney, DDS

--------------------------------------------------------------------------------

**Provider: Edward Chaney DDS**
**Document generated by: Edward Chaney, DDS 03/16/2021 7:31 PM**

Name: DUDLEY , JAMES



Dental Exam



**KDOC Adult Facilities**

**Lansing - Maximum**

PATIENT:            JAMES R DUDLEY
DATE OF BIRTH:      DOB: 08/01/1988
DOC#:              91359
DATE:              09/12/2022 08:14 AM
VISIT TYPE:        Dental Exam

Previous biennial exam date: 01/05/2022

**Subjective:**
im here for my root canal and crown

**Objective:**
explain we do not do crowns

**Plan:**

**Treatment:**
patient refused appt for endo #8 because he could not also get a crown

Created on: 09/12/2022 08:15 AM                    Generated by: Brian Ahern, DDS

------------------------------------------------------------

**Provider: Brian Ahern DDS**
**Document generated by: Brian Ahern, DDS 09/12/2022 8:15 AM**

Name: DUDLEY , JAMES
Number: 91359
D.O.B. DOB: 08/01/1988

1



# Kansas Department of Corrections

## Refusal of Treatment

| | | | |
|---|---|---|---|
| **KDOC #:** | 91359 | **Name:** | DUDLEY, JAMES , R |
| **DOB:** | 08/01/1988 | **Sex:** | M |
| **SSN:** | 509984950 | **Location:** | Lansing - Maximum |
| **Encounter Date:** | 09/12/2022 08:14 AM | **Provider:** | Brian Ahern DDS |

The aforementioned patient refused treatment with regard to: root canal #8

**Explanation:**
refused to sign

**Disclaimer:**
I have been advised by Brian Ahern, DDS that it is necessary for me to undergo medical treatment for root canal #8.

Although my failure to follow the advice that I have received may seriously imperil my life or health, and although I have been counseled about the potential decreased effectiveness of other medical care for this condition, I nevertheless refuse to submit to the recommended treatment.  I assume the risks and consequences involved and release the above named health care provider, the Kansas Department of Corrections, the Kansas Department of Corrections' health care provider, and their agents and employees from any liability.

I have been informed and hereby acknowledge that I shall be bound to the refusal to treatment for root canal #8 until the next scheduled examination by the health authority who recommended this treatment.

_____
**Patient signature - JAMES  DUDLEY**

91359
_____
**Patient number**

_____
**Witness signature -**

_____
**Date**

_____
**Witness signature**

_____
**Date**

Documented on:  09/12/2022 08:14 AM
Documented by:  Brian Ahern, DDS

1







P.O. Box 1568
Hutchinson, KS 67504-1568

# Kansas
### Department of Corrections

Phone: (620) 625-7238
Fax: (620) 728-3473
HCFI@ks.gov
www.doc.ks.gov

Jeff Zmuda, Secretary
Dan Schnurr, Warden

Laura Kelly, Governor

---

DATE:   April 1, 2021

TO:     Dudley, James #91359
        A2-205

FROM:   Dan Schnurr, Warden

SUBJECT: Correspondence – Notice of Injury

Mr. Dudley,

I received your Notice of Injury document and have read it.

Because this deals with your medical care and your disagreement with the course of treatment the healthcare provider Centurion has proposed, you should grieve this matter to the local healthcare provider and then appeal to Topeka if you are not satisfied with the response.

I am unable to provide you with medical care or make decisions regarding your care.

Sincerely,

Dan Schnurr, Warden
Hutchinson Correctional Facility

DS:JG:eks

⑤

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

JAMES RICHARD DUDLEY
Plaintiff,

**VS.,**

KANSAS DEPARTMENT OF CORRECTIONS, et al.,
Defendant(s)

CASE NO. 23-3016-HLT-ADM

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION ~~For Relief From Judgment or Order~~ To Amend Complaint

## Statement of the Case

This is a civil rights action filed under 42. U.S.C. §1983 by a state prisoner whose tooth was broken in an altercation with another prisoner and who is presently being denied appropriate medical care. The plaintiff seeks Relief from Judgment or Order to ensure this defendants are not dismissed from this action.

## Statement of Facts

As stated in plaintiff's Motion for Relief from Judgment or Order this court ordered defendant(s) KANSAS DEPARTMENT OF CORRECTIONS, TOMMY WILLIAMS, DARCIE HOLTHAUS, and JEFF ZMUDA dismissed from this action. (Mo. Re. Judgment or Order at §§ 1-2) The defendant(s) gave the plaintiff the "run around" on his grievances and was unable to obtain a final resolution before defendants were dismissed. (Mo. Re. Judgment or Order at §§15-18) Plaintiff has now recieved a final resolution to his grievances on his tooth and it is inconsistant with defendant(s) JEFF ZMUDA Martinecc Report. (Mo. Re. Judgment or Order §1(2); and EXHIBIT #1, pg. 1.)

<u>1</u>

Do to the inconsistences in the grievance response and in the timing and manner in which the defendant(s) provided plaintiff his grievance response it necessitates that defendant(s) KANSAS DEPARTMENT OF CORRECTIONS, TOMMY WILLIAMS, DARCIE HOLTHAUS, and JEFF ZMUDA be reinstated as defendants in this action.

## ARGUMENT
### POINT I
### THE PLAINTIFF IS ENTITLED TO ███████████ RELIEF
### BY DEFENDANTS MISCONDUCT

To justify ███████████ relief, misconduct of an adverse party must be of such a nature as to prevent the other party from fully and fairly presenting his case. West v. Love, 776 F.2d 170, 176 (7th Cir. 1985)

### A. PLAINTIFF HAS SHOWN SUFFICIENT EVIDENCE TO SUPPORT A MISCONDUCT FINDING

Plaintiff has alleged and produced supporting documentary evidence that his grievance appeal was delayed by defendants until after their Martinez Report was filed and the court ordered the Defendants dismissed from this action before they provided plaintiff with a response to his grievance appeal on his tooth.

see Anderson v. Cryovac, Inc., 862 F.2d at 923 (withholding evidence in discovery may be sufficient misconduct to justify relief); Jordan v. Paccar, Inc., 97 F.3d 1452, 1996 WL 528950, *6 (6th Cir. 1996)(unpublished) ("other misconduct" may include "accidents that should have been avoided, for instance a

2

reckless approach to searching one's files for discoverable material.")
Defendants JEFF ZMUDA obviously did either or of these things
as well as DARCIE HOLTHAUS.

### POINT II

### DEFENDANTS CAN BE HELD LIABLE FOR POLICY THEY MADE.

Plaintiff has alleged in his amended complaint that he has been denied
the prescribed treatment of a root canal and crown by a blanket denial
policy of root canals and crowns by defendants. Plaintiff's grievance
appeal response coupled with defendant Cannon originally stating
that the KDOC will not pay for RCT treatment and crown and
will not pay to transport plaintiff to receive such treatment,
established an inference that defendants are indeed enforcing
an extraction only policy. (Mo. Re Judgment or Order) Such conduct by
prison officials is a clear violation of the Eighth Amendment.
Boswell v. Sherburne County, 849 F.2d 1117, 1123 (16th Cir 1988)
(sheriff and chief jailer could be held liable for policy of
minimizing medical cost); Monmouth County Correctional Institution
Inmates v. Lanzaro, 834 F.2d 326, 336-37, 347 (3rd Cir. 1987);
Ancata v. Prison Health Services, Inc., 769 F.2d 700, 704 (11th
Cir. 1985); Sealock v. Colorado, 218 F.3d 1205, 1211 (16th Cir. 2000)
(officers who refused to drive prisoner with apparent heart attack
to hospital could be found deliberately indifferent.)

3

## POINT III

Defendant(s) JEFF ZMUDA, DARCIE HOLTHAUS, and TOMMY WILLIAMS CAN BE NAMED AS PARTIES FOR PURPOSES OF DISCOVERY.

Plaintiff has alleged that he has been getting the "run around" on his grievance by defendants in his amended complaint and produced evidence of such misconduct by defendants with his admission into evidence defendants final resolution grievance response. Defendants also claim to have a policy of approving only medically necessary root canals and crowns. Plaintiff has been prescribed a root canal and crown by 2 dentist and a root canal as medically necessary by 3 dentist. It is still unclear who is responsible for the actions complained of by plaintiff.

Satchell v. Dilworth, 745 F.2d 781, 786 (2d Cir. 1984) (holding corrections and parole commissioners could be named as parties "at least for purposes of discovery aimed at identifying those of their subordinates who are personally responsible for the departmental actions complained of"). ("When the merits of a prisoner's claim have been fully examined and ruled upon by the ultimate administrative authority, prison officials can no longer assert the defense of failure to exhaust, even if the inmate did not follow proper administrative procedure.") Strope v. Collins, 2006 WL 3390393, *3 (D. Kan., Nov. 22, 2006)

## POINT III

DEFENDANTS OWN POLICY PROVIDES FOR PLAINTIFF'S PRESCRIBED TREATMENT.

Defendant JEFF ZMUDA states in his affidavit that "Dental treatment was not limited to extractions, besides routine dental care". Defendant DARCIE HOLTHAUS states in her grievance response to plaintiff that KDOC policy is to not perform root canals or crowns that are not medically necessary. Again, plaintiff has been prescribed root canal treatment by 3 different dentist at 2 different facilities as being medically necessary. Plaintiff points out that it is not medically necessary to extract his tooth. Defendant Cannon ~~also~~ informed plaintiff that KDOC will not pay for root canal treatment or crowns and will not provide or pay for officers to transport plaintiff to an outside provider for the necessary surgery to save his tooth.

Chance v. Armstrong, 143 F.3d at 703-04 (holding allegation that dentists proposed extraction, rather than saving teeth, for financial reasons stated an Eighth Amendment claim); Hunt v. Uphoff, 199 F.3d 1220, 1223-24 (10th Cir. 1999)(refusing to dismiss allegations that one doctor denied insulin prescribed by another doctor and that medically recommended procedures were not performed as mere differences of medical opinion); Hamilton v. Endell, 981 F.2d 1063, 1066-67 (9th Cir. 1992)(holding prison officials may not shop around until they get a medical opinion that suits their non-medical concerns, or intentionally rely on a medical opinion that is without adequate basis).

5

POINT III

PLAINTIFF HAS A RIGHT TO AMEND HIS ORIGINAL COMPLAINT FOR ACTIONS BY DEFENDANTS THAT OCCURED AFTER THE ORIGINAL COMPLAINT WAS FILED.

Defendants suffer no prejudice from the Court granting plaintiffs Amended Complaint. All West Pet Supply Co. v. Hill's Pet Products Div, Colgate-Palmolive Co., 152 F.R.D. 202, 204 (D. Kan. 1993) ("Unless good reason exists for denying leave, such as prejudice to the defendants, leave to supplement a complaint is to be liberally granted."

CONCLUSION

Plaintiff respectfully request of the court to grant his motion to Amend/Supplement his complaint in response to defendants motion for Summary Judgment.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. December 5th, 2023. _James R. Dudley_
James R. Dudley

s/ _James R. Dudley_
James R. Dudley (Pro se)
#0091359
KDOC / EDCF
P.O. Box 311
El Dorado, KS 67042

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

JAMES RICHARD DUDLEY,

Plaintiff,

v.

KANSAS DEPARTMENT OF CORRECTIONS, Secretary of Corrections JEFF ZMUDA, Secretary of Corrections Designee DARCEE HOLTHAUS, CENTURION, Regional Director of Dental Services CANNON, Warden of EL DORADO CORRECTIONAL FACILITY TOMMY WILLIAMS, all sued in their official and individual capacitys Hospings HENKE, ABLE, BARKER, THOMPSON, DELANO, DANSBHNUER, CHEN, UNKNOWN EDCF mail room OFFICERS, UNKNOWN HCF officers.

Defendant(s).

MEMORANDUM OF LAW IN SUPPORT OF

PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### A. STATEMENT OF THE CASE

This is a civil rights action brought under 42 U.S.C. §1983 by a state prisoner whose front tooth was broken 2 years ago and who is presently being denied appropriate dental care. The Plaintiff seeks a temporary restraing order and a preliminary injunction to ensure that he received proper dental care.

### B. STATEMENT OF FACTS

As stated in the declaration submitted with this motion, the plaintiff's front tooth was broken almost 2 years ago. (Dec. at ¶¶ 2-3) The emergency care dentist who treated him directed that he be provided a root canal and crown as the appropriate treatment for his broken tooth. (Dec. at ¶¶ 3-4)

The defendant did not provide him with a root canal and crown. (Dec. at ¶ 5) The plaintiff is experiencing continued pain, swelling, bleeding and is at risk for more infections (including meningitis) and losing his tooth for good. (Dec. at ¶ 15) The defendant is trying to give plaintiff the "runaround" on his grievance appeals (Administrative relief procedures). (Dec. at ¶¶ 8–14).

## ARGUMENT
### POINT 1

### THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factors: a) whether the party will suffer irreparable injury, b) the "balance of hardships" between the parties, c) the likelihood of success on the merits, and d) the public interest. Each of these factors favors the grant of this motion.

### A. The Plaintiff is Threatened with Irreparable Harm

The Plaintiff alleges that he has been denied care for a serious medical need contrary to a physician's instruction. Such conduct by prison officials is a clear violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97 S. Ct. 285 (1976); Ramos v. Lamm, 639 F.2d 559, 574 (10th Cir. 1980); Dean v. Coughlin, 623 F. Supp. 392, 400-01 (S.D. N.Y. 1985); Matzker v. Herr, 748 F.2d 1142, 1147-48 (7th Cir. 1984); Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861 (1979) (1979). As a matter of law, the continuing deprivation of constitutional

rights constitutes irreparable harm. Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976); American Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1058-59 (9th Cir. 2009). This principle has been applied in prison litigation generally, see Jolly v. Coughlin, 76 F.3d 468, 482 (2d Cir. 1996); Newson v. Norris, 888 F.2d 371, 378 (6th Cir. 1989); Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984); McClendon v. City of Albuquerque, 272 F. Supp. 792, 801 (W.D. Mich. 1990), aff'd, 932 F.2d 969 (6th Cir. 1991).

In addition, the plaintiff is entitled to a TRO and preliminary injunction anyways without requesting the court to give the defendants one last chance to provide administrative relief by complying with constitutional standards in providing plaintiff with appropriate dental treatment. See Dole v. Chandler, 438 F.3d 804, 809, 812 (7th Cir. 2006); Roberts v. Barreras, 484 F.3d 1236, 1240-41 (10th Cir. 2007)(the burden of proving affirmative defenses is on the defendant and that burden of proof follows burden of pleading.) The plaintiff also points out that the defendants did not forward Plaintiff's grievance to Don Schnurr the warden at HCF either. So the defendants also failed to follow their own rules.

### B. The Balance of Hardships Favors the Plaintiff

In deciding whether to grant TRO's and preliminary injunctions, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. See, e.g., Mitchell v. Cuomo, 748 F.2d 804, 808 (2d Cir. 1984); Duran v. Anaya, 642 F. Supp. 510, 527 (D.N.M. 1986); Yarbaugh v. Roath, 736 F. Supp. 318 (D.D.C. 1990)(requiring medical treatment); Jackson v. District of Columbia, 254 F.3d 262, 265 (D.C. Cir. 2001)(noting grant of TRO against imposition of grooming [policy] on prisoners with religious objections).

In this case, the plaintiff's present suffering and potential sufferings are enormous. The "sufferings" the defendants will experience if the

court grants the order will consist of reviewing plaintiff's grievance and providing the appropriate dental care he is entitled to as established by the law something that the defendants are obligated to do anyways. The defendants' hardship amounts to no more than business as usual.

**C.** The Plaintiff is Likely to Succeed on the Merits

The plaintiff has a great likelihood of success on the merits. Failure to provide reasonable and necessary dental care in defendants case is clearly established Law. See Ramos v. Lamm, 639 F.2d 559, 574 (10th Cir. 1980); Dean v. Coughlin, 623 F. Supp. 392, 400-01 (S.D.N.Y. 1985); Matzker v. Herr, 748 F.2d 1142, 1147-48 (7th Cir. 1984); Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861 (1979)(1979).

**D.** The Relief Sought Will Serve the Public Interest

In this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law, especially the constitution. Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008); Duran v. Anaya, 642 F. Supp. 510, 527 (D.N.M. 1986); and Llewelyn v. Oakland County Prosecutor's office, 402 F. Supp. 1379, 2393 (E.D. Mich. 1975)(stating "the Constitution is the ultimate expression of the public interest.").

## POINT 2

THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY

Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65(c), Fed. R. Civ. P. However, the plaintiff is an indigent prisoner and is unable to post security. The court has

discretion to excuse an impoverished litigant from posting security. *Elliott v. Kiesewetter*, 98 F.3d 47, 60 (3d Cir. 1996)(stating that district courts have discretion to waive the bond requirement contained in Rule 65(c) of the Federal Rules of Civil Procedure if "the balance of the [ ]equities weighs overwhelmingly in favor of the party seeking the injunction"); *Moltan Co. v. Eagle-Pitcher Industries, In.*, 55 F.3d 1171, 1176 (6th Cir. 1995). In view of the serious medical danger confronting the plaintiff, the court should grant the relief requested without requiring the posting of security.

## CONCLUSION

For the foregoing reasons, the court should grant the motion in its entirety.

Dated: ~~December 8th~~ December 8th, 2023.

Respectfully Submitted,

S/ *James R. Dudley*

James R. Dudley (Pro Se)
#0091359
KANSAS DEPARTMENT OF CORRECTIONS
El Dorado Correctional Facility
P.O. Box 311
El Dorado, Kansas 67042
Litigant PRO SE.