IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| JAMES RICHARD DUDLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 5:23-CV-03016-JWL |
| JEFF ZMUDA, et al., | ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND THE COMPLAINT**

Pursuant to D. Kan. R. 7.1(c), Defendants Centurion of Kansas, LLC and Fred Cannon, D.D.S. ("Defendants"), by and through undersigned counsel, hereby submit the following Response to Plaintiff's Motion for Leave to Amend the Complaint. (ECF 48). In opposition thereto, Defendants state the following:

**NATURE OF THE MATTER BEFORE THE COURT**

Plaintiff initially filed a more extensive suit pursuant to 42 U.S.C. § 1983 with a long list of defendants. Pursuant to 28 U.S.C. § 1915A, the Court preliminary screened Plaintiff's Amended Complaint (ECF 9) and dismissed Defendants Kansas Department of Corrections, Tommy Williams, and Darcie Holthaus. *See* (ECF 13). The Court further ordered the KDOC to submit a *Martinez* Report to assist in screening Plaintiff's claims against Defendants Zmuda, Centurion, and Dr. Cannon. (*Id.*). A Martinez Report was submitted (ECF 26), and the Court finished its screen of Plaintiff's Amended Complaint. After this screening, Plaintiff was only left with his § 1983 claims against Defendants Centurion and Dr. Cannon. *See* (ECF 30).

On August 2, 2023, the Court entered a Scheduling Order setting deadlines in this matter. Pursuant to the Scheduling Order, any motion for leave to join additional parties or to otherwise

1

amend the pleadings was due by September 29, 2023. (ECF 36). On October 31, 2023, Defendants filed a Motion for Summary Judgment on Plaintiff's claims, arguing that Plaintiff's § 1983 claims against Defendants Centurion and Dr. Cannon failed as a matter of law because there was no evidence Defendants created, promulgated, or implemented a policy that deprived Plaintiff of his constitutional rights or that they were deliberately indifferent to a serious medical need. (ECF 41 and 42). Plaintiff's initial response to Defendants' Motion for Summary Judgment was due on November 21, 2023; however, the Court granted Plaintiff an extension upon his request, ordering Plaintiff to submit his response on or before December 5, 2023. *See* (ECF 45, 46, and 47).

Two days after his Response to Defendants' Motion for Summary Judgment was due[1], Plaintiff filed the instant motion seeking leave to amend his Complaint to add twelve new Defendants, three of which have been previously dismissed from this action. The proposed Second Amended Complaint also adds a purported retaliation claim against several of the proposed new Defendants.[2] Otherwise, Plaintiff re-alleges his deliberate indifference claims against Defendants Centurion and Dr. Cannon relating to an alleged blanket policy requiring tooth extractions that is the subject of Defendants' pending Motion for Summary Judgment. Because the deadline to file an amended pleading passed before Plaintiff filed his motion, Plaintiff's Motion should be denied as untimely. Furthermore, allowing Plaintiff to untimely amend his Complaint would result in undue prejudice to Defendants, whose summary judgment motion has been pending since October 31, 2023.

---

[1] On December 8, 2023, the Court entered an Order staying briefing deadlines regarding Defendants' Motion for Summary Judgment pending resolution of Plaintiff's Motion to Amend. (ECF 49).

[2] The proposed retaliation claim does not appear to be asserted against either Defendant Centurion or Dr. Cannon.

## ARGUMENTS AND AUTHORITIES

Once the time to amend as a matter of course set out in Fed. R. Civ. P. 15(a) has expired, any amendments to a pleading are allowed "only with the opposing party's written consent or the court's leave." The court may deny leave to amend under Rule 15(a) upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v.* Davis, 371 U.S. 178, 182 (1962). Moreover, "[i]f a party is seeking leave to amend the pleadings after the scheduling order deadline, that party must demonstrate both good cause for seeking modification under Rule 16(b)(4), as well as satisfaction the Rule 15(a) standard." *Birdsong v. Unified Gov't of Wyandotte Cty.*, No. 13-2090-JAR, 2016 U.S. Dist. LEXIS 93343, at *5 (D. Kan. July 15, 2016).[3]

Even though Plaintiff is proceeding pro se, the Tenth Circuit "has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

**I.     Plaintiff's Motion should be denied because it is untimely.**

Pursuant to the Scheduling Order, any motion to amend the Complaint or to join any additional parties was to be filed by September 29, 2023. (ECF 36). As Plaintiff's Motion for leave to amend was filed two months after the deadline set out in the Scheduling Order, he must establish good cause to justify the untimely motion. *Birdsong*, U.S. Dist. LEXIS 93343, at *5; Fed. R. Civ. P. 16(b)(4). The Tenth Circuit has explained that the good cause standard contemplated in Rule

---

[3] In addition, D. Kan. Rule 6.1(a) requires that motions for extensions of time filed after the specified time has expired require a showing of "excusable neglect."

16(b)(4) requires the movant to show that the existing scheduling order deadlines "cannot be met despite the movant's diligent efforts." *Id.* at *6.

Plaintiff's Motion does not establish or even address good cause for the belated amendment. The only reasons provided in Plaintiff's Motion as to why his motion for leave should be granted is that he is pro se, "this case has been complex to handle," and it's his "first determined pursuit of a medical/dental suit." (ECF 48). In addition, Plaintiff alleges that he "has been and still is being retaliated against by defendants for pursing this litigation and other lawsuits in this court." (*Id.*). The Motion otherwise fails to provide any reason as to why his motion to amend was not filed before the deadline set out in the Scheduling Order. Indeed, there is no new information that would justify the late amendment. The alleged retaliation cited by Plaintiff is identical to the retaliation allegations he has been putting forth since at least August 11, 2023. *See* (ECF 38). Plaintiff provides no explanation for why he is only now – two months after the scheduling order deadline – attempting to assert these claims. For these reasons, Plaintiff's Motion for Leave to Amend must be denied as untimely.

**II.     Plaintiff's Motion should be denied because it would result in undue prejudice to Defendants.**

Plaintiff's proposed Second Amended Complaint simply reasserts his existing § 1983 claims against Defendants Centurion and Dr. Cannon. Defendants have moved for summary judgment on these claims, and their motion is currently pending before the Court. There are no new allegations or claims asserted against Defendants that would warrant this amendment, and Plaintiff's motion only serves as an attempt to preclude summary judgment by adding a new claim against new defendants that, allegedly, arose from new operative facts. Indeed, permitting Plaintiff to amend his Complaint at this late juncture would result in undue delay and prejudice to Defendants Centurion and Dr. Cannon, whose summary judgment motion is pending. Defendants

should not be obligated to litigate Plaintiff's new, unrelated claims of retaliation against other parties that should more properly be brought in a separate suit.

Moreover, Plaintiff's proposed amendments are directed to unrelated entities and individuals. Through the proposed Second Amended Complaint, Plaintiff attempts to add previously dismissed defendants back into the case, as well as assert retaliation claims against several prison officials at the facility at which he is currently housed. While this lawsuit has been pending for over ten months, Plaintiff now attempts to assert claims and allegations against the new defendants for purported excessive force or retaliation that occurred well after the operative facts at issue in this matter[4]. Permitting Plaintiff to add new claims against parties previously dismissed or not involved in the underlying claims of this lawsuit would unduly delay resolution of Plaintiff's prior § 1983 claims against Defendants Centurion and Dr. Cannon regarding an alleged blanket policy requiring tooth extractions. Such delay is unwarranted and would necessarily prejudice Defendants in obtaining timely resolution of the claims asserted against them in this cause of action. *See Lynn v. Simpson*, Case No. 97-3209-JWL, 1999 U.S. Dist. LEXIS 22624, at *3-4 (D. Kan. Nov. 22, 1999) (denying plaintiff's motion to amend because proposed amended complaint added distinct and separate claims against additional defendants that would unduly delay action). Therefore, leave to amend should be denied.

## **CONCLUSION**

Plaintiff's attempt to amend his Petition is untimely, unwarranted, and prejudicial to Defendants. It only serves as an improper attempt of delaying summary judgment on Plaintiff's §

---

[4] To the extent Plaintiff's proposed Second Amended Complaint alleges he has been precluded from participating in this litigation or timely responding to Defendants' Motion for Summary Judgment, it is apparent from the record that this is not the case. Plaintiff has made several filings in this case, including the instant one.

1983 claims against Defendants Centurion and Dr. Cannon. For these reasons, Defendants oppose Plaintiff's Motion for Leave to Amend his Amended Complaint.

          Respectfully Submitted,

          SIMPSON, LOGBACK, LYNCH, NORRIS, PA

By: */s/ Kemper A. Bogle*
    Lawrence J. Logback, KS #16608
    J. Wesley Smith, KS #24935
    Kemper A. Bogle, KS #29388
    7400 W. 110th Street, Suite 600
    Overland Park, KS 66210
    (913) 342-2500
    (913) 342-0603 FAX
    llogback@slln.com
    wsmith@slln.com
    kbogle@slln.com
    ATTORNEYS FOR DEFENDANTS
    CENTURION OF KANSAS, LLC AND
    FRED CANNON

## CERTIFICATE OF SERVICE

    I hereby certify that on this 15th day of December 2023, the foregoing document was filed via the Court's ECF system, which sent notification of such filing to all counsel of record, and a copy was served on the Plaintiff by depositing the same in the United States Mail, first class postage prepaid, addressed as follows:

    James Richard Dudley #91359
    El Dorado Correctional Facility
    P.O. Box 311
    El Dorado, Kansas 67042

          */s/ Kemper A. Bogle*
          Attorney