IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES RICHARD DUDLEY,

    Plaintiff,

    v.

CENTURION OF KANSAS, LLC, et al.,

    Defendants.

Case No. 5:23-cv-03016-HLT-ADM

## ORDER

Plaintiff James Richard Dudley appears pro se[1] and brings this § 1983 civil rights action against Defendants Centurion of Kansas, LLC and Fred Cannon, D.D.S. Plaintiff's claims stem from treatment of a tooth he fractured while an inmate at Hutchinson Correctional Facility. Plaintiff now moves to voluntarily dismiss his claims under Fed. R. Civ. P. 41(a)(2) because he does not believe that the federal courts will grant him relief. Doc. 58. Centurion and Cannon do not oppose the motion but ask the Court to impose certain conditions. Doc. 62. The Court finds that the conditions proposed by Defendants are unnecessary and therefore grants Plaintiff's motion.

## I.       BACKGROUND

Plaintiff filed his original complaint on January 20, 2023. Doc. 1. He amended it on February 3. Judge Lungstrum, who was previously assigned to this case, dismissed several Defendants and ordered that the Kansas Department of Corrections (KDOC) submit a *Martinez* Report. KDOC filed the report on May 15. Judge Lungstrum then dismissed Jeff Zmuda, Secretary

---

[1]    The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id*.

of Corrections, and gave Centurion and Cannon until July 26 to answer or otherwise respond to Plaintiff's amended complaint.

Defendants filed a summary-judgment motion on October 31. Doc. 41. Discovery closed November 30. Doc. 36. Plaintiff asked for additional time to respond to the motion, which was granted. But instead of responding, Plaintiff sought leave to amend the operative complaint to add claims and defendants, including previously dismissed defendant Zmuda. Doc. 48. The Court stayed briefing on the summary-judgment motion (and a motion for injunctive relief filed by Plaintiff) until the motion to amend was ruled. Docs. 49, 50. The magistrate judge denied leave to amend on February 14, 2024. Doc. 53. The Court reset Plaintiff's deadline to respond to the summary-judgment motion. Instead of responding, Plaintiff filed the instant motion to dismiss. Doc. 58. Zmuda opposes dismissal without prejudice because he has already been dismissed with prejudice. Doc. 61. Because Zmuda is no longer in the case, his opposition does not impact the Court's ruling. Cannon and Centurion do not oppose dismissal but generally ask that the procedural posture of the case be reinstated if Plaintiff re-files the action. Doc. 62.

## II.   STANDARD

Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request by court order on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). The rule prevents voluntary dismissals that unfairly affect the defendant and permits a court to impose curative conditions to limit legal prejudice to the defendant. *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021).

Legal prejudice is based on the following non-exhaustive factors: (1) the defendant's effort and expense in trial preparation; (2) whether the plaintiff engaged in excessive delay and showed lack of diligence; (3) the plaintiff's failure to sufficiently explain the need for dismissal; and (4)

the stage of litigation. *Id.* "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). A court should ordinarily grant a motion for voluntary dismissal when there is no legal prejudice to the defendant. *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005).

## III.    ANALYSIS

The Court must determine whether Defendants would be legally prejudiced if the Court grants the motion to dismiss and whether any curative conditions are necessary to relieve the prejudice.

The Court first examines the first and fourth factors: Defendants' expense in preparing for trial and the litigation stage. Discovery closed on November 30, 2023. Doc. 36. It is unclear from the record how much discovery was exchanged, but the Scheduling Order limited discovery. *Id.* at 2-3. It also lasted a relatively short time. No depositions were allowed without prior court permission, so the Court expects that Defendants' expenses have been moderate. And Plaintiff did not disclose an expert despite being given additional time to do so. Defendants did file a motion for summary judgment. But this effort will not be wasted if Plaintiff refiles. The Court finds that neither Defendants' expense nor the litigation stage causes Defendants legal prejudice if Plaintiff is permitted to dismiss the case.

The second and third factors consider whether there has been excessive delay and lack of diligence on the part of Plaintiff and whether Plaintiff has given sufficient explanation for the need for dismissal. The delay in this case has not been excessive. It has been on file for more than a year, but it has progressed relatively quickly given the unique challenges associated with pro se prisoner litigation. Plaintiff explains that he seeks dismissal because it is clear that "the federal

courts will not grant relief to him against the Kansas Department of Corrections or any other law enforcement agency or officer or any official of the government." Doc. 58 at 1. He claims that his constitutional rights have been taken by white supremacists and alleges that this civil action is "only an operation designed to keep plaintiff in a state of poverty and oppression." *Id.* at 2. The Court respectfully disagrees with Plaintiff's allegations. Plaintiff's claims may or may not have merit. But the Court has, and would, evaluate them fairly and without improper consideration of Plaintiff's race or citizenship. That said, the Court's disagreement with Plaintiff's reasons does not mean that he should not be allowed to dismiss his case.

Having considered the equities of the parties, the Court grants Plaintiff's motion to dismiss without prejudice. The Court declines to impose the conditions Defendants seek because they are unnecessary and may be challenging in practice to enforce. But the undersigned judge will likely preside over any refiled case asserting the same claim. And the Court would likely allow Defendants to refile their summary-judgment motion using discovery from this case. The Court would also consider other requested remedies to ensure Defendants did not suffer legal prejudice from defending the case a second time. Plaintiff should bear this in mind. Plaintiff can't judge-shop or cause duplication of all the work already completed in this case. The Court also counsels Plaintiff that it has reviewed the summary-judgment motion, which appears likely to have merit. Plaintiff will need to overcome several challenges, including proper administrative exhaustion, if he still hopes to pursue relief based on treatment of his tooth.

**IV.    CONCLUSION**

THE COURT THEREFORE ORDERS that Plaintiff's motion to dismiss (Doc. 58) is GRANTED. The case is DISMISSED WITHOUT PREJUDICE. All other pending motions are denied as moot.

IT IS SO ORDERED.


Dated: April 10, 2024                                    /s/ *Holly L. Teeter*
                                                         HOLLY L. TEETER
                                                         UNITED STATES DISTRICT JUDGE